Anthony F. Tornetta and Rita E. Tornetta, his wife *v.* Plymouth Township Municipal Authority and Whitpain Township Sewer Authority. Whitpain Township, Appellant.

Argued June 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Charles A. Kerlavage,* for appellant.

*Edward J. Hughes,* with him *John G. Kaufman,* and *Bean, DeAngelis, Kaufman & Frishberg,* for appellees.

OPINION BY JUDGE BLATT, July 29, 1977:

The Whitpain Township Sewer Authority (Sewer Authority) has brought this appeal from an order of the Court of Common Pleas of Montgomery County which directed the Sewer Authtority to provide service to a property owned by Anthony F. and Rita E. Tornetta (Tornettas).

The Tornettas filed a complaint in equity seeking an injunction to compel either the Sewer Authority or the Plymouth Township Municipal Authority (Municipal Authority) to permit them to use its public sewer system. The Sewer Authority answered the complaint by denying that the Tornettas' property was located within its geographical boundaries and by alleging that sewer service should be rendered by the Municipal Authority pursuant to an agreement between the Sewer Authority and the Municipal Authority. The Municipal Authority answered that it has not been authorized to permit the use of its sewer system by landowners whose property lies outside the boundaries of Plymouth Township. After a hearing, the lower court concluded that it could take jurisdiction of the complaint sitting as an equity court because the Tornettas had no adequate remedy at law, and the court ordered the Sewer Authority to issue a permit enabling the Tornettas to connect to its sewer system. The Sewer Authority appealed this decision to the Superior Court which transferred the matter to us. Now before us is the issue of whether or not the lower court erred in hearing this complaint while sitting as a court of equity.

The Municipality Authorities Act of 1945[1] (Act) specifically provides that questions involving rates or services rendered by a municipal authority are to be determined by the court of common pleas:

---

[1] Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq.

B. Every Authority is hereby granted . . . the following rights and powers:

. . . .

(h) To fix, alter, charge and collect rates and other charges in the area served by its facilities at reasonable and uniform rates to be determined exclusively by it . . . and to determine by itself exclusively the services and improvements required to provide adequate, safe and reasonable service, including extensions thereof, in the areas served. . . . *Any person questioning the* reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and *reasonableness of the Authority's services, including extensions thereof, may bring suit against the Authority in the court of common pleas of the county wherein the project is located,* or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. *The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service.* (Emphasis added.)

Section 4B(h) of the Act, 53 P.S. §306B(h).

Our Court has previously held that this section of the Act provides the exclusive statutory remedy for one who·has been refused service by a municipal authority. *Northvue Water Co., Inc. v. Municipal Water & Sewer Authority,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972). Moreover, our Supreme Court has explained that

[w]hen the legislature vested the exclusive jurisdiction in courts of common pleas to determine the reasonableness of rates fixed by a municipal authority, the tribunal designated to exclusively determine such matter was a 'court

of common pleas' in the common law sense and not in the chancery or equitable sense. Before a court of common pleas sitting *in equity* can entertain jurisdiction the ordinary rules for determining the jurisdiction of an equity court apply.

. . . .

The statute provides an *exclusive* remedy for passing upon the reasonableness of the rates of a municipal Authority by a proceeding before a tribunal to which it has given *exclusive* jurisdiction to determine such questions. Such tribunal is not a court of common pleas sitting as a chancery court, as appellees urge, but a common law court of common pleas. There is neither allegation nor proof that the legislative or statutory remedy is inadequate and, under such circumstances, the court below sitting in equity had no jurisdiction to entertain this question. (Footnote omitted, emphasis in original.)

*Calabrese v. Collier Twp. Municipal Authority*, 430 Pa. 289, 296-97, 240 A.2d 544, 548 (1968).

Although the court below concluded that the Tornettas had no adequate remedy at law, this conclusion was reached after a discussion of whether or not their ability under law to construct an on-site sewer disposal system constituted an effective remedy. The court failed to consider whether or not Section 4B(h) of the Act provided such an adequate remedy. When a statute contains an exclusive method for resolving a dispute, however, no action for an injunction or any other equitable relief may be brought unless the statute provides for it or unless irreparable harm will result *if the statutory procedure is pursued.* *West Homestead Borough School District v. Allegheny*

*County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970).

We must conclude, therefore, that the court below erred when it granted equitable relief to the Tornettas without considering the statutory remedy set forth in Section 4B(h) of the Act. The Tornettas have not alleged, and this Court has no reason to believe, that they will sustain irreparable harm if this statutory remedy is pursued. The order of the lower court is reversed, and the case is remanded for transfer to the law side of the court for further proceedings.

ORDER

AND Now, this 29th day of July, 1977, the order of the Court of Common Pleas of Montgomery County is hereby reversed, and the case is remanded for transfer to the law side of said court pursuant to Pa. R.C.P. No. 1509(c).

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Montgomery County photo copies of the docket entries of the above-captioned matter and transfer to him the record thereof.