## J. A. Myers Building and Development, Inc. v. New Oxford Municipal Water Authority

*Daniel M. Frey,* for plaintiff.
*Donald G. Oyler,* for defendant.

SPICER, *P.J.*, December 2, 1980—Plaintiff is a real estate developer and defendant is a municipal authority. Plaintiff has filed a complaint in equity and has alleged that defendant has agreed to extend its water service into Oxford Township and has committed its available water reserve to one developer. Oxford Township adjoins the Borough of New Oxford.

Defendant has challenged the jurisdiction of this court sitting in equity and seeks to have the complaint dismissed. It does so because of the provisions of the Municipality Authorities Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §306B(h), which provides in part:

". . . Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and reasonableness of the Authority's services, including extensions thereof,

may bring suit against the Authority in the court of common pleas of the county wherein the project is located . . . The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service."

Further, defendant requests that the action be dismissed rather than transferred to the law side of this court. Defendant points to Pa.R.C.P. 1509. In subsection (c) of that rule, it is provided that a case will be transferred to the law side of the court where a nonstatutory remedy exists but subsection (b), which applies to a failure to exhaust a statutory remedy, has no such provision. Because Rule 1509(b) applies to this case, defendant argues that the rule mandates dismissal rather than transfer.

This issue is pertinent only if this court decides that equity has no jurisdiction in this case. Had this case been filed on the law side, it is clear that this court would have jurisdiction under the provisions of the Municipality Authorities Act, supra. The act authorizes such action to determine questions of service. It has been held that "questions as to who shall be served" are related to "service." Lakemont Civic Association, Inc. v. Central Blair County Sanitary Authority, 199 Pa. Superior Ct. 125, 184 A. 2d 301 (1962); Yezioro v. North Fayette County Municipal Authority, 193 Pa. Superior Ct. 271, 164 A. 2d 129 (1960). It has also been held that a municipal authority may not make unfair discriminations or give unreasonable preferences in providing services: Reigle v. Smith, 287 Pa. 30, 134 Atl. 380 (1926); Shannon v. Ashton, 71 D. & C. 2d 372 (1975).

Whether this court sitting in equity has jurisdiction must be resolved under the provisions of Rule 1509(b) and ordinary principles of equitable juris-

diction. It would seem clear we must review the pleadings to determine if facts have been alleged which would show there is no adequate remedy at law. In so determining, the court must consider the provisions of 53 P.S. §306B(h). The issue was phrased in Calabrese v. Collier Township Municipal Authority, 430 Pa. 289, 294, 240 A. 2d 544 (1968), as follows: "Do the provisions of this statute furnish such an adequate remedy at law as precludes equity from entertaining jurisdiction. . . ."

In that case the Supreme Court held that the remedy was adequate, noting at p. 297: "There is neither allegation nor proof that the legislative or statutory remedy is inadequate. . . ."

Plaintiff argues that it has alleged enough to require the preliminary objections to be dismissed. It can cite no cases directly on point and the court can find none. All cases of which the court is aware have resulted in actions in equity being dismissed or transferred to the law side of the court. See, for example, Tornetta v. Plymouth Township Municipal Authority, 31 Pa. Commonwealth Ct. 353, 375 A. 2d 1381 (1977); Northvue Water Co., Inc. v. Municipal Water & Sewer Auth. of Center Twp., 7 Pa. Commonwealth Ct. 141, 298 A. 2d 677 (1972).

This presents a situation where all authority is contra plaintiff's position and plaintiff is placed in the unenviable position of having to distinguish all cases heretofore decided. Still, the principles enunciated in those cases are helpful. The last two cases are cited because of their facts. In Tornetta, supra, the Commonwealth Court reversed a decision by Montgomery County Court granting equitable relief. The lower court apparently concluded there was no adequate remedy at law without considering the Municipality Authorities Act, supra. The

Commonwealth Court went on to note that plaintiff had not alleged that it would suffer irreparable harm were equity not to act.

In Northvue, supra, there was an allegation of irreparable harm but no finding by the lower court that such a condition existed.

In the case before us, plaintiff has alleged irreparable harm and that the authority has committed all of its available water to one developer. It has alleged an extension of service and action limiting service to one customer. Therefore, this court could entertain an action in law under the act, supra, to review this decision were plaintiff to request similar service and defendant to deny it: Yezioro, supra. If plaintiff were to win that suit only to find defendant to have given away all its water in the meantime, plaintiff's statutory remedy would demonstrably be meaningless.

We, therefore, conclude that plaintiff's complaint sufficiently alleges facts which justify equity to assume jurisdiction.

## ORDER

And now, December 2, 1980, defendant's preliminary objections are overruled. Defendant shall have 20 days from this date in which to file an answer.