Municipal Authority of the City of McKeesport, Appellant *v.* Elizabeth Township and Elizabeth Township Sanitary Authority, Appellees.

Municipal Authority of the City of McKeesport, Appellant *v.* Township of North Versailles, Appellee.

Municipal Authority of the City of McKeesport, Appellant *v.* Elizabeth Township and Elizabeth Township Sanitary Authority, Appellees.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

14

*Gary H. McQuone, Stevens, Clark, Laubach & Semple, John J. Myers, Liddle & Adams,* for appellant.

*John A. Caputo, O'Donnell, Bresnahan, Caputo & Capristo;* for appellee, Elizabeth Township and Elizabeth Township Sanitary Authority.

*G. N. Evashavik,* for appellee, North Versailles Township.

OPINION BY JUDGE ROGERS, February 19, 1981:

The Municipal Authority of the City of McKeesport (Authority) provides sewage treatment service to a number of communities in Allegheny County. The Townships of Elizabeth and North Versailles and the Sanitary Authority of Elizabeth Township, customers of the Authority, brought suit in the Court of Common Pleas of Allegheny County pursuant to Section 4B(h) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306B(h), questioning the reasonableness of the Authority's rates charged during 1977. Over the Authority's repeated objection the court below caused a jury to be impaneled, permitted an accountant called by the complainants to express his opinion that the Authority's rates were unreasonable, sent the inden-

ture under which the Authority had sold $7,000,000 in bonds to the public out with the jury and instructed the jury to find whether the Authority's rates were reasonable or unreasonable. The jury returned verdicts that the rates were unreasonable. The Authority's post-trial motions were refused and the court directed the prothonotary to enter judgment on the verdicts. The Authority has appealed, principally contending that it was error on the part of the court below to submit the case to trial by jury. We agree.

This lawsuit is, as we have noted, a creature of statute. Section 4B(h), 53 P.S. §306B(h) provides pertinently:

> Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and reasonableness of the Authority's service including extensions thereof, may bring suit against the Authority in the court of common pleas of the county wherein the project is located, or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service.

As is apparent, the statute creating the action confers no right on the suitor to trial by jury. The court below concluded that because Section 4B(h) "did not deal one way or another with the question of a complainant's right to a jury trial . . . the right exists unless the General Assembly denies that right in the particular Act of Assembly involved." No authority for this proposition was provided; and, indeed, the law is that no right to jury trial exists when the relevant statute does not provide it. *Watson Appeal*, 377 Pa. 495, 105 A.2d 576 (1954); *Department of Environmen-*

*tal Resources v. Wheeling-Pittsburgh Steel Corporation*, 22 Pa. Commonwealth Ct. 280, 348 A.2d 765 (1975) ; *Commonwealth v. Johnson*, 211 Pa. Superior Ct. 62, 234 A.2d 9 (1967) ; *Pennsylvania Public Utility Commission v. W. J. Dillner Transfer Company*, 191 Pa. Superior Ct. 136, 155 A.2d 429 (1959).

Although no right to trial by jury is provided by statute, the moving party may assert his right to such pursuant to Article I, Section 6 of the Pennsylvania Constitution which provides that "trial by jury shall be as heretofore, and the right thereto remain inviolate." One invoking this constitutional right must show that his situation is one "in which he would have been entitled to such a trial at the time of the adoption of our State Constitution of 1790 and ever since under our succeeding constitutions." *William Goldman Theaters, Inc. v. Dana*, 405 Pa. 83, 93, 173 A.2d 59, 64 (1961). Municipal authorities—much less the right to jury trial concerning their rates—did not exist prior to the Municipal Authorities Act of 1935, Act of June 28, 1935, P.L. 463 (since repealed and supplanted by the present 1945 Act). Further, before there were municipal authorities (and since) the reasonableness of the rates of their cousins, municipally owned utilities, were decided by equity courts without, of course, the right to trial by jury. *Shirk v. Lancaster City*, 313 Pa. 158, 169 A. 557 (1933) ; *Action Alliance of Senior Citizens v. Philadelphia Gas Company*, 45 Pa. Commonwealth Ct. 234, 241, 406 A.2d 1155, 1158 (1979).

The appellees' reliance on *Calabrese v. Collier Township Municipal Authority*, 430 Pa. 289, 240 A.2d 544 (1968), and *Tornetta v. Plymouth Township Municipal Authority*, 31 Pa. Commonwealth Ct. 353, 375 A.2d 1381 (1977), is misplaced. The right to trial by jury was not involved in these cases. Their holding was that injunctive and other equitable relief from

authority rates is unavailable because Section 4B(h) created an adequate statutory remedy for one complaining of unreasonable rates.

Finally, it seems too clear for serious argument to the contrary, that the General Assembly when it wrote that "all . . . questions involving rates or service" of municipal authorities should be determined by courts of common pleas, did not mean to commit such decisions, involving as they do intricate questions of law, of the interpretation of contracts, of economics, of engineering and of municipal management, to traverse juries; but that it meant to impose these considerable duties on the judges of the courts.

Judgments vacated; the records are remanded for further proceedings and dispositions consistent with this opinion.

### Order

And Now, this 19th day of February, 1981, the judgments are vacated and the records remanded for further proceedings and dispositions consistent with this opinion.