John H. Lang, Appellant *v.* Tax Review Board of City of Philadelphia, Appellee.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Kenneth E. Aaron, Davidson & Aaron,* for appellant.

*Stewart M. Weintraub,* Deputy City Solicitor, with him *Alan J. Davis,* City Solicitor, *Ellis M. Saull,* Chief Assistant City Solicitor, and *Ellis Eisen,* Assistant City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 4, 1982:

A Philadelphia County Common Pleas Court by order denied John H. Lang's appeal from a Philadelphia Tax Review Board (Board) decision. We affirm.

The City Department of Collections assessed Lang $233.20 for his failure to pay city wage tax.[1] He petitioned for review on July 29, 1975. A hearing, originally scheduled for January 8, 1976, was ultimately held on June 6, 1976. The Board denied Lang's petition. On appeal to the trial court, Lang raised for the first time the issue of subject matter jurisdiction grounded on the Board's delay in convening a hearing.[2] The court dismissed the appeal, concluding (1) that the issue of subject matter jurisdiction could not be raised initially on appeal and (2) that, in any event, an appellate court could not review a local agency's subject matter jurisdiction.

Whether a local agency is competent to make a binding determination is reviewable by the court. Section 754(b) of the Local Agency Law[3] provides in pertinent part, that:

> In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is *in violation of the constitutional rights of the appellant, or is not in accordance with the law* ... or that a finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. (Emphasis added.)

---

[1] Lang, a non-resident of Philadelphia, is employed at the United States Naval Shipyard, a federal enclave located within the city.

[2] At oral argument before common pleas court, Lang withdrew all exceptions to the Board's decision except the one regarding the Board's subject matter jurisdiction.

[3] 2 Pa. C. S. §754(b).

The question of an agency's competency to make a valid determination, that is, its subject matter jurisdiction, is clearly a constitutional issue since it relates directly to the parties' procedural due process rights.[4] Further, an agency's competency is a legal question subject to judicial scrutiny. Moreover, that the jurisdictional question was not pressed at the Board hearing does not now preclude its consideration on appeal since the lack of subject matter jurisdiction may be raised *at any time* by the parties or sua sponte by an appellate court. *See Daly v. Darby Township School District,* 434 Pa. 286, 252 A.2d 638 (1969).

Turning to the substantive issue, Lang's contention that the Board lacked jurisdiction to rule on his petition stems from its failure to hold a timely hearing as provided for in Section 19-1701(3)(a) of the Philadelphia Code:

(3) *Hearings and Decisions*
(a) All matters coming before the Tax Review Board shall be listed by the Board and *shall be heard within 90 days after filing.* (Emphasis added.)

Lang argues that this time period is mandatory and that, since a hearing was not convened within this period, the Board was no longer competent to review his tax claim. We disagree.

The word "shall" may be interpreted as either mandatory *or* directory, but "[w]hen referring to the time of doing something, shall has usually been con-

---

[4] *See Conestoga National Bank of Lancaster v. Patterson,* 442 Pa. 289, 295, 275 A.2d 6, 9 (1971) (essential elements of procedural due process are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case *before a tribunal having the appropriate jurisdiction); and Taylor v. Weinstein,* 207 Pa. Superior Ct. 251, 254, 217 A.2d 817, 818 (1966) (administrative bodies are bound by the due process provisions of constitutional law).

sidered as directory." *Delaware County v. Department of Public Welfare*, 34 Pa. Commonwealth Ct. 165, 171, 383 A.2d 240, 242 (1978). Our Supreme Court held that:

> The provisions of a statute requiring public officers to act within a specified time are generally regarded as directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory.

*Commonwealth ex rel. Fortney v. Wozney*, 326 Pa. 494, 497, 192 A. 648, 649 (1937). Here, there is nothing in the pertinent Philadelphia Code sections to indicate that the ninety-day period is mandatory.[5] Neither has Lang argued that time was of the essence in this matter. Lang has not been prejudiced by the delay since he had the opportunity to argue fully the merits of his defense before the Board. He cannot now have the merits reconsidered simply because the Board was delinquent in holding a hearing.[6]

Affirmed.

## ORDER

The Philadelphia County Common Pleas Court Order No. 2027 of July Term 1976, Civil Trial Division, dated June 25, 1981, is hereby affirmed.

---

[5] In holding that the ninety-day provision is directory, we note the absence in the Philadelphia Code of any section providing for the Board's failure to hold a hearing within the specified time period.

[6] By this decision, we do not condone or approve the dilatory manner in which this matter was handled by the Board. However, for the reasons expressed in the text, we must affirm.