DeWane A. Wivagg, et al., Appellants *v.* Downtown McKeesport Business District Authority, Appellee.

Argued November 16, 1984, before Judges CRAIG, BARRY and COLINS. Reargued November 13, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*Mord C. Taylor, Jr.,* for appellants.

*John J. Myers,* for appellee.

OPINION BY JUDGE BARRY, February 4, 1986:

This appeal arises from an order of the Court of Common Pleas of Allegheny County denying a request by several non-retail business persons and businesses (appellants) to enjoin the Downtown McKeesport Business District Authority (Authority) from implementing a Plan of Administrative Services (the plan) and from collecting the assessments imposed in connection with the plan's implementation.

The pertinent facts, as found by the trial court, indicate that the plan consists of a variety of services including promotional advertising, free parking programs and increased security. These services are to be undertaken by the Authority for the benefit of businesses located in downtown McKeesport. The plan, including the necessary assessments, was approved by the city council on September 3, 1980. On April 14, 1981, appellants filed an equity action in the Court of Common Pleas of Allegheny County seeking to enjoin implementation of the plan on the grounds that it is not in compliance with the appropriate statutory requirements and it is unreasonable. After a hearing on the merits, the trial court dismissed the action and overruled the exceptions. This appeal followed.

Before we can reach the merits of this case, we must determine whether the trial court had subject matter jurisdiction. Although neither side has raised this issue, jurisdictional questions may be raised by an appellate court *sua sponte. Lang v. Tax Review Board of City of Philadelphia,* 69 Pa. Commonwealth Ct. 525, 451 A.2d 1057 (1982).

We must first note that our courts have carefully drawn a distinction between "jurisdiction" as it re-

fers to the power of the court to enter into the inquiry and "equity jurisdiction", which refers only to the remedies available to the court. Where an adequate remedy at law exists the court merely lacks "equity jurisdiction." But where the legislature has provided an exclusive statutory remedy it has deprived the court of the power to inquire into the case in any manner other than the one specifically prescribed and, therefore, the court lacks jurisdiction. *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980); *Hoover v. Bucks County Tax Claim Bureau,* 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1979).

Pa. R.C.P. No. 1509 provides as follows:

Rule 1509.   Preliminary Objections

(a)   Preliminary objections authorized by Rule 1017(b) are available to any party.

(b)   The objections of laches and failure to exercise or exhaust a *statutory remedy* may be raised by preliminary objection, answer or reply but are *not waived* if not pleaded.

(c)   The objection of the existence of a full, complete and *adequate non-statutory remedy at law* shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, *the objection is waived.* (Emphasis added.)

Consequently, although neither objection has been raised, this Court has the duty to inquire whether appellants have failed to pursue any exclusive statutory remedy specifically provided by the legislature to address the questions raised in their complaint.

The remedy arguably applicable in this instance is found in Section 4B(h) of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306B(h) which provides in part:

*Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and reasonableness of the Authority's services, including extensions thereof, may bring suit against the Authority in the court of common pleas of the county wherein the project is located,* or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. *The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service. . . .* (Emphasis added.)

Our Court has held that this section is the exclusive statutory remedy for challenging the refusal of services by a municipal authority. *Tornetta v. Plymouth Township Municipal Authority,* 31 Pa. Commonwealth Ct. 353, 375 A.2d 1381 (1977); *Northvue Water Co., Inc. v. Municipal Water and Sewer Authority,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972). We must now determine whether this same section provides an exclusive statutory remedy for appellants' challenge to the Authority's plan.

Appellants originally sought the injunction based on the allegation that the plan is "illegal" for the following reasons: (1) the plan contains no provisions for business improvements as required by the Act; (2) the plan is not based on a feasibility study as required by the Act; (3) the Authority failed to hold open meetings; (4) the plan was implemented despite objections from persons representing one third of the businesses in the district; and (5) the plan is not reasonable and uniform because it does not benefit nonretail businesses and properties in the district but benefits only retail businesses and properties.

This last challenge to the reasonableness and uniformity of the plan clearly falls within the exclusive statutory remedy provided under §4B(h) of the Act.

However, we need not decide whether the trial court sitting in equity had jurisdiction to entertain that challenge because appellants have abandoned this issue. The trial court dismissed it on the merits and they did not raise it in their exceptions to the trial court's decision. In fact, the only issues which are presently before us are numbers one and four.

These two issues do not challenge the adequacy, safety or reasonableness of the services provided by the Authority but they question the very power of the Authority to provide these services on the grounds that the plan does not provide for actual improvements which appellants argue *must* be provided in conjunction with the services and, in view of the fact that one third of the people affected have, according to appellants, objected.

We believe that this type of challenge is analogous to those presented in certain tax assessment cases. This Court has held that courts of equity have no jurisdiction over cases questioning tax assessments because the legislature has provided an exclusive statutory remedy in the form of appeals from the assessment. However, these same courts do have jurisdiction to entertain questions challenging the general powers to assess or levy taxes. *Public Parking Authority v. Board of Property Assessment, Appeals and Review,* 377 Pa. 274, 105 A.2d 165 (1954); *County of Allegheny v. Three Rivers Management Co.,* 16 Pa. Commonwealth Ct. 361, 328 A.2d 567 (1974). We, therefore, conclude that these issues were properly before the trial court sitting in equity.

In reviewing a refusal to grant an injunction our scope of review is limited to a determination of whether the trial court had any apparently reasonable grounds for its actions. We will not look into the merits unless it is clear that no such grounds existed or the laws relied on are palpably wrong or clearly in-

applicable. *Commonwealth v. National Gettysburg Battlefield Tower, Inc.,* 8 Pa. Commonwealth Ct. 231, 302 A.2d 886 (1973), *aff'd,* 454 Pa. 193, 311 A.2d 588 (1973).

Section 4B(h) of the Act provides in part:

B.  Every Authority is hereby granted . . . the following rights and powers:

. . . .

(h)  To fix, alter, charge and collect rates and other charges in the area served by its facilities at reasonable and uniform rates to be determined exclusively by it, for the purpose of providing for the payment of the expenses of the Authority, the construction, improvement, repair, maintenance and operation of its facilities and properties, and, in the case of an Authority created for the purpose of *making business improvements or providing administrative services,* . . . . (Emphasis added.)

The trial court properly relied on this section to refuse the injunction on the grounds that the Authority does have the power to assess for administrative services which are not provided in conjunction with business improvements.

Lastly, Section 4E of the Act states that the Authority shall not implement a plan to provide improvements or services if persons representing one-third of the benefitted properties submit written objections to the plan. The court refused to grant the injunction based on this section because it found that appellants failed to establish that objections were, in fact, made by persons representing the ownership of one-third of the benefitted properties.

We are satisfied that the trial court had reasonable grounds for denying the requested injunction and, due to our very limited scope of review, we see no reason to further examine the merits of this case.

Affirmed.

ORDER

Now, February 4, 1986, the order of the Court of Common Pleas of Allegheny County at GD 81-09329, dated August 1, 1983, is affirmed.