# Geesey, Appellant, v. City of York.

*Equity jurisdiction—Municipalities—Lien for paving—Bill for injunction—Dismissal—Practice, C. P.—Parties defendant.*

1. In suits in equity all parties who would be adversely affected by a decree prayed for must be brought into court as parties of record before the decree can be made.

2. A bill in equity to restrain a municipality from filing liens and collecting paving claims against certain property owners, on the ground that the work was a repaving and not an original paving, was properly dismissed where the bill failed to name as a party defendant the paving contractor whose compensation was to be paid out of the proceeds of the collection of such claims, and where it further appeared that plaintiffs had a full and adequate remedy at law by setting up such matter in defense under the Act of June 4, 1901, P. L. 364, in actions on the claims.

Argued May 16, 1916. Appeal, No. 121, Jan. T., 1916, by plaintiffs, from decree of C. P. York Co., April T., 1915, No. 4, dismissing bill in equity for injunction in case of Adam F. Geesey, E. D. Zimmerman, Lovina Markel, Harry J. Fritz, R. C. Liggit, J. H. Markel, Ida I. Thomas, F. M. Bortner, Anna M. Bortner, John A. Vaughen, John M. Horn, J. T. Atkins, H. C. Brunner, A. W. Manifold, Belle Zorger, E. T. Diehl, George W. Decker, E. T. Ruth, William H. Hibner, Charles S. Brown, A. V. Dellinger, L. S. Bricker, J. B. Budding, William H. Peters, G. W. Everhart, E. J. Jones, Jacob T. Plowman, Susan C. Sheaffer and Mary J. Shaffer, as Executrices of Anna M. Shaeffer, deceased, Mary E. Walker, Eli F. Knaub and Oliver P. Plonk, v. The City of York, Pa., a municipal corporation, and John R. Lafean, Mayor of said City, and Frederick Z. Stauffer, Calvin A. Boyer, Felix S. Bentzel, and William H. Lindsay, Councilmen of said City, and J. William Jones, Treasurer of said City. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for injunction to restrain the City of York from filing paving liens and collecting claims thereon.

WANNER, P. J., filed the following opinion:

The bill filed by plaintiffs sought to restrain the City of York from filing liens, and collecting claims against them, for paving the street in front of their respective lots, on the ground that the proceedings of city councils in authorizing said paving were irregular and illegal, and because the work done was only a repaving of an old street, which had been fully macadamized, and paved by the city many years before.

After a hearing on the bill, answer, and evidence submitted, the court sustained the proceedings of city councils, and dissolved the preliminary injunction, which had been granted at the filing of the bill, because the plaintiffs have a full and adequate remedy at law, for their defense against said municipal claims, under the Act of June 4, 1901, P. L. 364, and because for that reason they would suffer no irreparable injury from the court's refusal to grant them the injunction prayed for in the bill.

The court's reasons for dissolving the preliminary injunctions, and the authorities upon which the action was based, will be found set forth at length in the opinion filed at that time, and need not be repeated here.

It was afterward agreed by counsel, that the case should go to final hearing and decree, upon bill and answer, and the evidence submitted to the court on the motion to dissolve the preliminary injunction.

The defendants' answer asks that the plaintiffs' bill be dissolved for want of proper and necessary parties thereto, because the paving contractor whose compensation was to be paid out of the proceeds of the collection of these claims, would be injured by the granting of the injunction prayed for. This objection which was insisted upon by defendants' counsel at the hearing in this case, goes to the jurisdiction of the court, and if sus-

tained would be fatal to any further proceedings in this case on the present state of the record. It is a well settled rule in courts of equity, that all parties who would be adversely affected by the decree prayed for, must be brought into court as parties of record, before such decree can be made: Findley v. Warren, 244 Pa.64; Ebling v. Schuylkill Haven Boro., 244 Pa. 505; Monessen Boro. v. Monessen Water Co., 243 Pa. 53; Hartley v. Langkamp & Elder, 243 Pa. 550; Hoffman & Oster v. Hartman & Sener, 7 Lanc. L. Rev. 137; Pettit v. Baird, 10 Philadelphia 57; Thomas v. Boswell, 14 Philadelphia 197; Scholl v. Schoener, 1 Wood 200.

The contract between the City of York and the Standard Bitulithic Company for paving East Cottage Place provides inter alia that the City of York shall pay to said company "all the assessments actually paid by the property owners on account of said improvements at the expiration of ninety days after the approval and acceptance of the work by the city council, but under no circumstances shall the City of York be held liable or responsible for the payment of any other part of the consideration of this contract."

The terms of payment further provide that "improvement bonds with coupons attached, for the amount of the assessments outstanding, which bonds shall rest alone upon, and be payable out of said assessments and from no other fund," shall be issued to the contractor by the city, for the payment of the remainder due to said company on said contract. It is quite apparent from the terms of this paving contract, that the granting of a final injunction to prevent the collection of these assessments by the city, would defeat the terms of said contract, and be prejudicial to the financial interests of said contractor. The Standard Bitulithic Company should, therefore, be brought upon the record as a party-defendant, before the court could properly make the decree prayed for in this case.

Supreme Court Rule No. 27, provides, that "Where

the defendant shall, by his answer, suggest that the bill is defective for want of parties, the plaintiff shall be at liberty, within fourteen days after answer filed, to set down the cause for argument upon that objection only; and the purpose for which the same is so set down shall be noted by an entry; to be made in the equity docket, in the form or to the effect following, that is to say: 'Set down upon the defendant's objection for want of parties.' And where the plaintiff shall not set down his cause, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties taken by the answer, he shall not, at the hearing of the cause, if the defendant's objection shall then be allowed, be entitled as of course to an order for liberty to amend his bill, by adding parties. But the court, if it think fit, shall be at liberty to dismiss the bill."

In this cause, the answer of the city objected to this defect in the bill, and although the question was argued on the motion to dissolve the preliminary injunction, and again at the final hearing of this cause, the plaintiff did not set the case down for argument on that objection as provided in Rule No. 27, or make any application to the court for leave to amend its bill by the addition of the necessary party indicated.

Under these circumstances, we are of the opinion that we cannot grant the injunction prayed for, and that the bill should be dismissed, (1) Because said Standard Bitulithic Company, the paving contractor aforesaid, has not been brought upon the record as a party defendant in this case. (2) Because the plaintiffs have an adequate remedy at law, whereby they may make all the defenses against the city's paving claims which have been set up in these proceedings. (3) Because for said last stated reason, the plaintiffs will suffer no irreparable injury from the refusal of the injunction prayed for by them,

This conclusion makes it unnecessary for the court to determine the question of fact, whether or not this pav-

ing of "Cottage Place" was an original paving of the street for which the lot owners are liable, or whether it was only a repaving of a street which had been previously adopted and paved in former years by the City of York, for which repaving the plaintiffs in this case would not be liable.

The dismissal of this bill does not prejudice the rights of the plaintiffs to defend in any action, or proceedings at law, which the City of York may institute to enforce its municipal liens.

The lower court dismissed the bill without prejudice to plaintiff's right to make defense in any other action or proceeding which might be instituted by the City of York to enforce the paving claims in question. Plaintiffs appealed.

*Error assigned,* among others, was the decree of the court.

*Frank M. Bortner* and *Jere S. Black,* with them *J. Thurman Atkins,* for appellant.—The contractor has a remedy against the city and therefore the fact that he was not joined as a party defendant is not a ground for dismissing plaintiff's bill: Addystone Pipe & Steel Co. v. City of Corry, 197 Pa. 41; Vulcanite Paving Co. v. Philadelphia, 244 Pa. 80; Barber Asphalt Paving Co. v. Philadelphia, 55 Pa. Superior Ct. 365.

Equity has jurisdiction to enjoin the collection of an illegal tax: Appeal of Conners, et al., 103 Pa. 356; Byers v. Hempfield Twp., 226 Pa. 278; Del., Lack. & Western R. R. Co. v. Luzerne County Commissioners, 245 Pa. 515.

Where equity has jurisdiction it is not taken away by a subsequent jurisdiction conferred on courts of law: Hutchison v. Dennis, 217 Pa. 290; Leake, et al., v. Philadelphia, 171 Pa. 125; Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451.

A bill in equity may be sustained solely on the ground

that it is the most convenient remedy: Conemaugh Gas
Co. v. Jackson Farm Gas Co., 186 Pa. 443.

*John L. Rouse,* City Solicitor, for appellees.—Equity
will not enjoin the collection of a tax where there is an
adequate remedy at law: Ebling v. Schuylkill Haven
Borough, 244 Pa. 505; Del., Lack. & Western R. R. Co.
v. Commissioners, 245 Pa. 515; Meurer's App., 119 Pa.
115.

Where a positive statutory remedy exists and may be
pursued, equity cannot interfere on the ground of irrep-
arable injury: Brown's App., 66 Pa. 155; Young-
blood, et al., v. Sexton, 32 Mich. 406; Tribbette, et al., v.
Illinois Central R. R. Co., 19 L. R. A. 660.

PER CURIAM, July 1, 1916:
The decree of the court below is affirmed, at appel-
lants' costs, on the opinion of the learned chancellor
dismissing their bill.