## Consolidated Gas Supply Corporation, Appellant v. County of Clinton et al., Appellees.

Argued November 15, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Robert F. Cox, Sr.,* with him *Robert F. Cox, Jr., Cox and Cox,* for appellant.

*Lewis G. Steinberg, Lugg, Snowiss, Steinberg & Faulkner,* for appellees.

OPINION BY JUDGE MACPHAIL, January 26, 1984:

Consolidated Gas Supply Corporation (Appellant) appeals the order of the Court of Common Pleas of Clinton County which sustained the preliminary objections of the Appellees[1] and dismissed Appellant's complaint in equity.

Appellant is the lessee of certain leasehold interests located within Clinton County which it uses to store natural gas. A real estate reevaluation notice was given to Appellant which indicated that effective

---

[1] The specific Appellees are County of Clinton, 21st Century Appraisals, James R. Eckert, Carl W. Kephart and Daniel G. Reinhold, members of the Clinton County Board of Assessment Appeals, and Alfred J. Weaver, Clinton County Chief Assessor.

January 1, 1982, its property had been reassessed as real property. Appellant filed a complaint in equity asking that Appellees be preliminarily enjoined from making an assessment or valuation of Appellant's leasehold interests. The complaint alleged that Appellees lacked the authority to assess Appellant's interests since they were personalty and not real estate, and that such assessment violates the uniformity clause of Pa. Const. art. VIII, §1[2] and the Equal Protection Clause of the Constitution of the United States. Appellant also filed a notice of appeal with the Clinton County Board of Assessment Appeals and a hearing was scheduled.[3]

Appellees filed preliminary objections in the nature of a motion to strike off the complaint, stating that the procedure for challenging the assessment was set forth in the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.701 (the Act) and that this statute provided Appellant with an adequate remedy at law.

The common pleas court dismissed Appellant's complaint because Appellant failed to satisfy the *Borough of Green Tree v. Board of Property Assessment,* 459 Pa. 268, 328 A.2d 819 (1974), two-pronged test essential to confer equitable jurisdiction. That court found that Appellant failed to make a direct constitutional attack on the underlying tax statute and failed to show either lack of statutorily-prescribed remedy, or if such remedy exists, its inadequacy under the circumstances.

---

[2] "All taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

[3] This hearing was scheduled for October 18, 1982. It is noted that the complaint in equity was filed three days prior to the scheduled hearing.

Appellant contends that the common pleas court misinterpreted *Borough of Green Tree* and that Appellant is only required to raise a substantial constitutional question, rather than a direct constitutional attack on the underlying tax statute. Appellant argues that since their leasehold interests are personalty and not realty, Appellees' reassessment raises such a substantial constitutional question to confer equitable jurisdiction.

In *Shenango Valley Osteopathic v. Department of Health*, 499 Pa. 39, 48, 451 A.2d 434, 438 (1982), our Supreme Court noted that the *Borough of Green Tree* test for equitable jurisdiction is whether there are "both a substantial question of constitutionality *and* the absence of an adequate statutory remedy."[4] While we agree with Appellant that the common pleas court should have used the "substantial constitutional question" language as the first prong of the test, we are of the opinion that Appellant has not raised a substantial constitutional question. Appellant has not challenged the constitutionality of the tax statute authorizing the reassessment; rather, Appellant attacked the application of the statute, that is, whether the Board of Assessment Appeals (Board) properly categorized the leasehold interests as realty. When a constitutional attack is brought against the application of a tax statute, the board is the proper authority to hear the challenge. *Rochester & Pittsburgh Coal Co. v. Board of Assessment*, 438 Pa. 506, 266 A.2d 78 (1970).

---

[4] We note that in *Borough of Green Tree*, four members of our Supreme Court agreed that this was the test. Our Court in *Concerned Taxpayers v. Beaver City Board of Assessment*, 75 Pa. Commonwealth Ct. 443, 446-7, 462 A.2d 347, 349 (1983) previously adopted this test; therefore, this is the test which we will apply in the instant case.

Appellants also failed to show absence of an adequate statutory remedy. Section 701 of the Act, 72 P.S. 5453.701(b) specifically provides that "any person aggrieved by any assessment whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest therein may appeal to the board for relief." It is clear from this section that Appellant had a statutorily-prescribed remedy and should have brought its appeal to the Board.

Appellant further alleges that the appeal process of Section 701 of the Act was inadequate because Appellant will incur a financial burden preparing for the hearing and because the Board has no authority to hear its challenge. As previously stated, the Board was the proper authority to hear the Appellant's appeal and we do not find that Appellant's financial burden renders the statutorily-provided remedies of Section 701 inadequate. Since the facts of the instant case fail to rise to the level necessary to invoke equity jurisdiction, we affirm the court of common pleas.

ORDER

The order of the Court of Common Pleas of Clinton County, No. 14-82, February 4, 1983 is affirmed.