544 A.2d 1053

LCN Real Estate, Inc. et al., Appellants *v.* Borough of Wyoming, Appellee.

Argued April 18, 1988, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Bruce J. Phillips,* with him, *Jerome L. Cohen,* for appellants.

*Susan Cutright,* with her, *George A. Spohrer, Hourigan, Kluger, Spohrer & Quinn, P.C.,* for appellee.

OPINION BY JUDGE CRAIG, June 23, 1988:

LCN Real Estate, Inc. (LCN) and other appellants[1] (collectively, the property owners or the appellants) appeal from two orders, by two different judges of the Court of Common Pleas of Luzerne County, that sustained the preliminary objections of the Borough of Wyoming (borough) and dismissed LCN's complaint in equity seeking to enjoin the borough from enforcing an ordinance providing for the assessment of certain amounts against LCN's property for the cost of sewer construction and to prevent the borough from filing liens based on those assessments.

---

[1] LCN Real Estate, Inc. filed the complaint involved in this case. Thereafter the court of common pleas granted leave to eleven other similarly situated property owners to intervene as parties' plaintiff and to adopt the pleadings filed initially by LCN.

Because there is now no dispute concerning the lack of legal basis for the order on preliminary objections,[2] the sole remaining issue is whether the trial court properly dismissed the complaint in equity based on a conclusion that the property owners had not exhausted available adequate statutory remedies at law.

## History

Because this case comes to us on appeal of a ruling on jurisdiction made before the trial court took evidence, no facts have yet been established apart from some details relating to the construction of the system that the borough admitted in its answer to the motion for a temporary injunction. LCN's complaint avers that in 1974 the Department of Environmental Resources (DER) directed the borough to build or expand a public sewer system in an area encompassing a commercial district along Wyoming Avenue in the southern part of the borough. Appellants' properties are located in this area. The borough took no action until 1983, when it entered into an agreement with DER under which the

---

[2] On December 1, 1986, the borough filed preliminary objections asserting that the complaint should be dismissed because it was not in compliance with provisions of section 1010 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46010, allowing a complaint to a court as to the legality of any ordinance or resolution but requiring that the complaint be made within thirty days of the enactment or adoption and requiring the complainant to enter into a recognizance with sufficient security to prosecute the claim and for payment of costs. The judge assigned to rule on these objections sustained them in an order dated July 15, 1987. The borough now concedes that, as the appellants point out, the borough's objections and the court's ruling were in error because the thirty-day limit and the security provisions had been eliminated from section 1010 by amendment before these proceedings arose. Accordingly, we shall reverse the order of July 15, 1987.

borough was to construct the system. The borough built the system at a cost of some $625,000.

On July 14, 1986, the borough adopted an ordinance that "in effect stated the completion of a public sewer system in the area of [appellants'] property, which ordinance adopted tappage fees and front foot assessment costs of $140.00 a front foot." (Complaint ¶ 7; Reproduced Record 5a). The borough assessed the total cost of the project against forty-four business owners and three or four homeowners pursuant to the ordinance. LCN's individual assessment, of which it received notice by letter dated October 1, 1986, was $17,676.40. Payment was due to the borough in sixty days, with a two percent discount if made in that period, although the borough offered an optional plan under which payment could be made in installments over ten years at an interest rate of ten per cent.

According to the complaint, the borough did not fix by previous ordinance or other legal means the places where the sewer system was to be laid and the manner of construction, nor did it publish a proposed ordinance listing the assessment charge. The property owners allege that the borough did not take steps to reduce the cost of the project in that the borough failed to act during the period between the first direction from DER in 1974 and the 1983 agreement, failed to submit proposals to federal and state authorities for grants or loans, and applied grants from the state intended solely for sewer construction to other purposes. They also allege that the Borough's failure to extend the system to unserved areas has resulted in an excessive ratio of cost to benefit for those properties assessed. Finally, the complaint avers that some property owners with front footage along the sewer course are not being similarly assessed.

On November 25, 1986, LCN filed its complaint in equity seeking to enjoin the borough from enforcing the ordinance of July 14, 1986, against LCN, to enjoin the effect of the assessment notice of October 1, 1986, as applied to LCN, and to enjoin the borough from asserting at law any municipal claim or lien against LCN for failure to pay the assessment pending a determination of the validity of the ordinance and of the assessment. On the same date, LCN filed a motion for a special or temporary injunction to enjoin the borough from applying or enforcing the ordinance or the assessment, in particular from placing a municipal lien against LCN's property, pending a decision on the merits of the equity action.

The borough filed preliminary objections to the complaint and an answer to the motion for special or temporary injunction on December 1, 1986. Beginning on December 18, 1986, the borough filed municipal claims against the property owners for failure to pay the assessments. The property owners filed praecipes and rules against the borough to file writs of scire facias sur municipal claim on January 2, 1987, and the borough secured issuance of the writs on January 16. On February 2, 1987, the property owners filed affidavits of defense to the writs, raising the same substantive and procedural objections to the assessments as in the equity action. Twelve scire facias proceedings by the borough against separate property owners currently are pending.

On May 8, 1987, the court held the last of several hearings on the equity complaint and motion for special relief. None of those hearings involved the taking of testimony, and only the last was transcribed. At the May 8 hearing, counsel for the borough orally requested dismissal of the complaint in equity, arguing that the property owners had elected their remedy on the law side

by virtue of their petitioning to have the borough file writs of scire facias sur municipal claim. The property owners contended that their conduct was in response to the filing of the municipal claims against them and was simply the taking of steps essential to protecting their rights in those proceedings, which were instituted by the borough, rather than an abandonment of their claims in equity, the principal object of which had been to prevent the filing of the municipal claims against their properties in the first place.

On July 16, 1987, the court issued an order dismissing the complaint in equity. The opinion stated at the outset that the matter was before the court on preliminary objections, although the only preliminary objections filed were those noted above, based solely on an asserted failure to comply with the provisions of section 1010 of the Borough Code, as to which another judge of the same court had issued an opinion and order on July 15, 1987. Nevertheless, as the borough notes in its brief, the rule of civil procedure relating to preliminary objections in equity actions expressly provides that "[t]he objections of laches and failure to exercise or exhaust a statutory remedy may be raised by preliminary objection, answer or reply *but are not waived if not pleaded.*" Pa. R.C.P. No. 1509(b) (emphasis added).[3]

---

[3] By contrast, Pa. R.C.P. No. 1509(c) provides that the objection of the existence of a full, complete and adequate *non-statutory* remedy at law must be raised by preliminary objection and is waived if not so pleaded. *See Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980), for an explanation of why an objection based on the availability of a statutory remedy raises a question of the power of the court to enter into an inquiry on the matter, that is, a question of subject matter jurisdiction, which cannot be waived, but an objection based on the availability of a non-statutory remedy raises only a question of the type of relief to be afforded by a court that has subject matter jurisdiction over the dispute.

Thus the court's July 16 decision, although not technically a ruling on preliminary objections, was an otherwise procedurally proper ruling on an objection to jurisdiction under Rule 1509(b).

The court's stated reason for dismissing the equity complaint was that a court in equity may not take jurisdiction of a matter where there is an adequate remedy at law; in the court's view the property owners had not exhausted available adequate statutory remedies. The court noted that section 14 of the Municipal Claims Act, Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §7182, permits a defendant named in a municipal claim to pay the disputed amount into the court, thereby discharging the lien against the property, or permits an owner to do the same before the claim is filed, thereby preventing the entry of the lien. The court noted further that section 16 of the same act, 53 P.S. §7184, grants any such defendant a right to obtain an adjudication as to the validity of a lien by serving a notice upon the municipal claimant to issue a scire facias on the claim.

The court considered whether irreparable harm was a likely result of not granting an injunction and concluded that it was not. In the court's view, if the property owners ultimately succeeded in having the sewer assessments invalidated, their injury would be compensated adequately by payment to them of money damages equal to any excess charges they had paid plus interest. The owners' paying the delinquent fees would remove any cloud on their titles pending a decision on the validity of the sewer assessment rates. The court acknowledged that making such payments might work hardships on some of the property owners, but the court did not regard such hardships as being the type of injury that would allow equitable jurisdiction.

## Borough of Green Tree Doctrine

The property owners' principal argument on this appeal is that their claim in equity falls within the scope of an exception outlined by the Supreme Court of Pennsylvania in *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974) (plurality opinion), and later cases to the general rule that equity does not have original jurisdiction over a dispute where there is an available remedy at law.

In *Borough of Green Tree,* a municipality and individual taxpayers filed a complaint in equity challenging the constitutionality of section 7 of the Second Class County Assessment Law,[4] which permitted a division of the county into three districts, with triennial assessments for only one of the districts in any one year. The court of common pleas determined that an adequate statutory remedy existed in the appeal procedures provided in other sections of the law in question and dismissed the complaint in equity. Commonwealth Court affirmed.

The Supreme Court noted that the principle that statutorily-prescribed remedies are to be strictly pursued is, and long has been, a matter of statutory mandate.[5] At the same time, the court observed that it had

---

[4] Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §5452.7.

[5] Section 1504 of the Statutory Construction Act, 1 Pa. C. S. §1504, provides:

In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

Section 1504 is a reenactment in substantially the same language of the Act of March 21, 1806, P.L. 558, 4 Sm. L. 326, §13, 46 P.S. §156.

not applied that rule inflexibly, citing, among other cases, *Bliss Excavating Co. v. Luzerne County*, 418 Pa. 446, 451, 211 A.2d 532, 535 (1965) ("The statutory procedure need not be followed only if it is inadequate to the task of resolving plaintiffs' objections or its pursuit will cause them irreparable harm.") and *Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co.*, 417 Pa. 168, 173, 208 A.2d 780, 783 (1965) ("Equity will afford relief if the statutory remedy is inadequate or its pursuit would work irreparable harm: . . .").

The court acknowledged that "tension" existed between two of its earlier decisions addressing the question of when jurisdiction in equity is proper despite the existence of a statutory remedy.[6] The plurality opinion expressed the view that:

> [T]he mere fact that a constitutional question is raised as to the validity of a statute does not, without more, vest jurisdiction in a court of equity to adjudicate. The additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of its inadequacy in the circumstances.

*Borough of Green Tree*, 459 Pa. at 276, 328 A.2d at 823. Under the circumstances present in that case,

---

[6] In *Lynch v. Owen Roberts School District*, 430 Pa. 461, 244 A.2d 1 (1968), the court held that, where a taxing statute was made the subject of a constitutional challenge, an exception existed to the general doctrine that equity will not entertain an action where the plaintiff had an adequate remedy at law. Two years later, in *Rochester & Pittsburgh Coal Company v. Indiana County Board of Assessment and Revision of Taxes*, 438 Pa. 506, 266 A.2d 78 (1970), the court held that what is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not merely an allegation) and the absence of an adequate statutory remedy.

where the plaintiffs made a frontal attack on the constitutionality of a portion of the enabling legislation under which a county tax board operated; the court found little need for the agency to conduct specialized factfinding or to apply its expertise to the question as a prerequisite for constitutional decision making by the courts, because the determination of the constitutionality of enabling legislation is not a function of the agency enabled.

In *Shenango Valley Osteopathic Hospital v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982), the Supreme Court was confronted with a challenge to the constitutionality of the enabling act of the State Health Facilities Hearing Board.[7] In discussing the *Borough of Green Tree* decision, the court stated that:

> [I]t was clear from [Borough of Green Tree] that four members of this Court agreed the doctrine of exhaustion of remedies would not bar equitable intervention where there are both a substantial question of constitutionality *and* the absence of an adequate statutory remedy.

*Shenango Valley,* 499 Pa. at 48, 451 A.2d at 438 (emphasis in the original). This court has noted that, in emphasizing the adequacy of the statutory remedy in the majority opinion in *Shenango Valley,* the Supreme Court appeared to have abandoned the rule of *Lynch v. Owen J. Roberts School District* approving jurisdiction in equity whenever a constitutional attack on a statute was involved *(see* n.6, supra). *Lal v. West Chester Area School District,* 71 Pa. Commonwealth Ct. 236, 241 n.5, 455 A.2d 1240, 1242 n.5 (1983). Thus, the test to be applied to the property owners' claim in the present case is that which requires both the raising of a substantial question of constitutionality and the absence of an

---

[7] The Health Care Facilities Act, Act of July 19, 1979, P.L. 130, 35 P.S. §§448.101-448.904.

adequate statutory remedy.[8] *Accord Consolidated Gas Supply Corporation v. County of Clinton,* 80 Pa. Commonwealth Ct. 10, 470 A.2d 1113 (1984); *Concerned Taxpayers of Beaver County v. Beaver County Board of Assessment Appeals,* 75 Pa. Commonwealth Ct. 443, 462 A.2d 347 (1983).[9]

---

[8] A statutory remedy is *inadequate* if it either (1) does not allow for adjudication of the issue raised by the plaintiffs, as was the case in *Borough of Green Tree,* or (2) allows irreparable harm to occur to the plaintiffs during the pursuit of the statutory remedy, as was indicated by the court's citation of *Bliss Excavating Co.* and *Pennsylvania Life Insurance Co.* in *Borough. of Green Tree.*

[9] The borough argues in part that the property owners have not met the *Borough of Green Tree* test because they have not raised a direct constitutional attack on a statute, *i.e.,* on any provision of the general municipal law or of the Borough Code. This court has expressly rejected a similar argument in the past. In *Consolidated Gas Supply Corp. v. County of Clinton,* 80 Pa. Commonwealth Ct. 10, 470 A.2d 1113 (1984), a corporation challenged in equity the action of a county in reclassifying leasehold interests held by the corporation as real property subject to assessment. The trial court dismissed in part on the basis of its conclusion that the corporation failed to satisfy the *Borough of Green Tree* test because it had not made a direct constitutional attack on the underlying tax statute. On appeal, this court agreed with the corporation that the correct phrasing of this prong of the test was "substantial constitutional question," although the court went on to conclude that the corporation had not raised such a question. *See also Lyman v. City of Philadelphia,* 108 Pa. Commonwealth Ct. 494, 529 A.2d 1194 (1987) (complaint challenging constitutionality as applied to attorneys of provisions of the Philadelphia Code imposing business and mercantile taxes and licenses held to be proper in equity under *Borough of Green Tree).* Although the courts frequently have rejected petitioners' claims that their actions were proper in equity under the *Borough of Green Tree* test based on a conclusion that the petitioners had an adequate statutory remedy, the courts have *entertained* such claims attacking the constitutionality of a variety of governmental actions in addition to the enactment of an assertedly unconstitutional statute. *See, e.g., Aquarian Church of Universal Life v. County of York,* 90 Pa. Commonwealth Ct. 290, 494 A.2d 891 (1985) (county assessment of church's property); *Arsenal Coal Co. v. Department of Environmental Resources,* 71 Pa. Common-

## Available Statutory Remedies

As was noted above, the property owners' principal object in bringing their complaint in equity and motion for special or temporary injunction was to prevent the borough from filing liens against their properties pending a determination of the validity of the challenged ordinance. Assuming for the moment that the property owners have raised one or more substantial constitutional questions regarding the ordinance in question, and the assessments made and liens filed as a result of the ordinance, we shall consider whether the appellants had available to them any adequate statutory remedies.

One statutory remedy that has been mentioned in these proceedings is that provided by section 1010 of the Borough Code, 53 P.S. §46010:

> Complaint as to the legality of any ordinance may be made to the court. In cases of ordinances laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance.

The Supreme Court has explained, in interpreting an earlier version of section 1010, that "[t]he purpose of sections such as . . . 1010 is to provide a fast and efficient method of questioning *the procedure involved in the adoption of an ordinance*" and not to provide a means for deciding substantive issues concerning the validity of the ordinance. *Roeder v. Borough Council of*

wealth Ct. 187, 454 A.2d 658 (1983) (regulations promulgated by the Environmental Quality Board), *rev'd,* 505 Pa. 198, 477 A.2d 1333 (1984) (Supreme Court held statutory remedies not adequate); *Department of Public Welfare v. Eisenberg, 499 Pa. 530, 454 A.2d 513 (1983) (suspension of doctor from participation in the medical assistance program), later proceeding, Eisenberg v. Department of Public Welfare,* 86 Pa. Commonwealth Ct. 358, 485 A.2d 511 (1985), *modified,* 512 Pa. 181, 516 A.2d 333 (1986); *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980) (occupational tax resolution adopted by school

*Borough of Hatfield,* 439 Pa. 241, 246, 266 A.2d 691, 694 (1970) (emphasis added). Because several of the property owners' reasons for challenging the ordinance relate expressly to asserted defects in the manner of its enactment, the appellants could have raised those claims in a section 1010 proceeding.[10] However, such a proceeding would not have been capable of resolving the property owners' substantive challenges to the ordinance (Complaint, ¶¶ 10-14). Therefore, a section 1010 complaint would not have been an adequate statutory remedy, at least with regard to the substantive challenges.

Two other available statutory remedies are those relied on by the trial court as a basis for dismissing the complaint in equity: sections 14 and 16 of the Municipal Claims Act. Section 16, 53 P.S. §7184, permits any party named as a defendant in a municipal claim to serve a notice upon the claimant to issue a writ of scire facias, thereby forcing the claimant to issue the writ within fifteen days or risk having the claim stricken. The defendant must then file an affidavit of defense or suffer judgment against him by default. Section 19, 53 P.S. §7271.

In the scire facias proceeding, the defendant may raise all the defenses that he has to the claim. *Geesey v. City of York,* 254 Pa. 397, 99 A. 27 (1916). Because the

---

[10] Paragraph 9(a) of the complaint claims a violation of section 2004 of the Borough Code, 53 P.S. §47004, by virtue of the borough's alleged failure to fix by prior ordinance or other legal means the places where the sewer was to be laid and the manner of construction; ¶ 9(b) claims a violation of section 1006(4) of the Borough Code, 53 P.S. §46006(4), because of an alleged failure to publish a proposed ordinance adopting the assessment charge; ¶ 9(c) claims a violation of section 2006 of the Borough Code, 53 P.S. §47006, because of an alleged failure to comply with seal and attestation requirements, and ¶ 9(d) claims a violation of due process of law because of the borough's alleged failure to provide notice to the property owners of the extraordinary costs of the project.

scire facias proceeding is itself a *judicial* remedy, without a restriction on the issues that may be considered, the problem of administrative agency limitations, as presented in *Borough of Green Tree,* does not arise—this forum has the power to adjudicate any legitimate issue that the defendants raise. Therefore, the statutory remedy is not inadequate with respect to the issues that may be determined. The scire facias proceeding itself does not affect any existing liens during its pendency. In special circumstances, a court conceivably could find that a property owner would be irreparably harmed because of the existence of the lien. However, the property owners here have not alleged any irreparable harm that would befall them merely because the liens remained of record apart from the existence of the liens themselves.

Section 14 of the Municipal Claims Act, 53 P.S. §7182, expressly addresses the problem of liens. That section permits a defendant named in a municipal claim, at any stage of the proceedings, to pay the amount claimed into the court, or to enter approved security in such an amount. The court will then determine the amount that is not disputed and offer to pay that amount to the claimant, *thereby wholly discharging the claim as a lien against the property.* Thereafter the material disputed facts relating to the balance of the claim shall be tried to a jury with the same effect as if a scire facias had issued for the balance. The section also permits a property owner to pursue the same course *before* the municipal claim is filed, thereby preventing entry of a lien.

Under section 14, the property owners involved here had and still have available to them a statutory method for removing the liens entered against their properties. The method is not free—it requires the paying of money or the posting of security. Nevertheless,

the actual harm to the appellants from pursuing this remedy, if any, is only the temporary loss of use of an amount equal to any excess assessment that may ultimately be determined. The property owners do not deny that the sewer in question was laid and that their properties were benefited to some extent, nor do they deny that the borough is and has been entitled to payment of an amount equal to a legitimate assessment.

In the absence of a showing by the property owners of any irreparable harm that would befall them by virtue of the existence of the liens while their challenges to the ordinance are adjudicated in the scire facias proceedings or by virtue of their pursuing the available statutory means for removing the liens, we cannot find that the statutory remedies are inadequate. Therefore, the trial court correctly declined to proceed in equity.

The fact that a large number of property owners are raising the same objections to the ordinance at issue here, and to the assessments and liens resulting from it, is irrelevant to a determination of whether this complaint should be heard in law or in equity. *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976). Nevertheless, the desirability of having all of these challenges to the ordinance adjudicated in one proceeding is apparent. Therefore, although we affirm the rejection of the equity proceeding, we recommend that the court of common pleas permit the consolidation of the pending scire facias proceedings.

### ORDER

NOW, June 23, 1988, the order of the Court of Common Pleas of Luzerne County at No. 129-E of 1986, dated July 15, 1987, is reversed.

The order of the same court at No. 129-E of 1986, dated July 16, 1987, is affirmed.

Judge COLINS dissents.