# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Palmyra          :
                                    :
             v.             :    No. 1111 C.D. 2015
                                    :    Submitted: May 6, 2016
Raymond U. Brandt,      :
                  Appellant    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: July 8, 2016**


Raymond U. Brandt, proceeding pro se, appeals from the May 28, 2015, Order of the Court of Common Pleas of Lebanon County (common pleas) approving a settlement agreement (Agreement) between the Borough of Palmyra (Borough) and Mr. Brandt related to municipal liens based on the use of the public sewer system and trash/recycling collection at property owned by Mr. Brandt. On appeal, Mr. Brandt argues that the Agreement should be set aside because, when approving the Agreement, common pleas did not ask Mr. Brandt or his counsel whether the Agreement was accurate, Mr. Brandt never approved of the Agreement, and there was a "mutual mistake" regarding the amount Mr. Brandt owed the Borough.[1] Discerning no error, we affirm.

---

[1] On April 22, 2016, Mr. Brandt filed what appears to be a reply brief and attached thereto a letter that was not included in the record certified to this Court by common pleas. Mr.

*(Continued…)*

Mr. Brandt owns property in the Borough. On January 14, 2011 and October 9, 2012, the Borough filed municipal liens for unpaid charges in the amount of $32,532.38 and $7,074.14, respectively, associated with the use of the Borough's public sewer system and trash/recycling collection.[2] The Borough filed a writ of scire facias in July 2013 pursuant to the Municipal Claims and Tax Liens Act.[3,4] Mr. Brandt, represented by counsel, filed an affidavit of defense wherein he

Brandt's reply brief is untimely, having been filed more than 14 days after the Borough's brief was served. See Rule 2185 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2185 (stating that "[a] party may serve and file a reply brief permitted by these rules within 14 days after service of the preceding brief"). The Borough does not object to our consideration of that document, which, other than attaching the extra-record document, does not assert any new arguments. Thus, we will not strike the reply brief. However, we cannot consider the attached document, as it is well-settled that "[a]n appellate court is limited to considering only those facts that have been duly certified in the record on appeal. For purposes of appellate review, that which is not part of the certified record does not exist. Documents attached to a brief . . . may not be considered" if "they are not part of the certified record." B.K. v. Dep't of Public Welfare, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) (citations omitted).

[2] The two liens, which were separately docketed, were consolidated.

[3] Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §§ 7101-7505.

[4] This Court has described a writ of scire facias as follows:

A writ of scire facias is a writ authorized to be issued as a means of enforcing payment of a municipal claim out of the real estate upon which such claim is a lien. Black's Law Dictionary 1208 (5th ed. 1979). Technically, it is a judicial mandate which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step. Shapiro v. Center Township, Butler County, . . . 632 A.2d 994[, 997 n.3] ([Pa. Cmwlth.] 1993). The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution. Id.

In Pennsylvania, municipal claim procedure in general and scire facias procedure in particular, is purely statutory. Id. [at 997]. Once the municipality files a claim for services, the claim becomes a lien on the property. Section 3(a)[(1)] of the Municipal Claims and [Tax] Liens Act, 53 P.S. § 7106(a)[(1)]. If the owner does not dispute the claim and assessment, the owner simply pays and

*(Continued…)*

2

agreed that he was liable for some of the charges but disputed the amounts asserting that he had been improperly charged. Common pleas scheduled a bench trial for May 28, 2015. On the day of trial, the parties, via their counsel, reached a settlement and common pleas engaged in a settlement colloquy on the record. On the record, the Agreement was read and common pleas asked various questions to counsel, Mr. Brandt, and the Borough's representatives regarding the Agreement. Following the colloquy, common pleas issued the Order approving the settlement. That Order states:

> And now, this 28th day of May, 2015, after agreement of the parties the Court directs the following to be the settlement in this matter:
>
> Judgment will be entered in favor of the Plaintiff, the Borough of Palmyra, and against the Defendant, Raymond U. Brandt in the amount of $36,823.48.
>
> Within 60 days of today's date, Mr. Brandt will pay $25,000 towards the $36,823.48 leaving a balance of $11,823.48.
>
> Effective July 1, 2015, the property owned by Mr. Brandt will have charged against it three units for sewer and three units for refuse.

---

removes the lien. Shapiro[, 632 A.2d at 997]. To contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a writ of scire facias. Id. In the proceeding commenced by the writ of scire facias, the owner then files an "affidavit of defense." Id. In that affidavit the owner may raise all defenses he or she has to the municipal claim. Id.; LCN Real Estate, Inc. v. [Borough of] Wyoming, . . . 544 A.2d 1053 ([Pa. Cmwlth.] 1988).

Alternatively, the municipality may pursue a writ of scire facias without waiting for prompting by the owner . . . . Shapiro[, 632 A.2d at 998]. In response to the writ, the owner may file an affidavit of defense raising all defenses. Id.

W. Clinton Cnty. Mun. Auth. v. Estate of Rosamilia, 826 A.2d 52, 56 (Pa. Cmwlth. 2003).

Effective July 1, 2015, Mr. Brandt will pay on the balance of $11,823.48 a monthly amount of $656.86 for 18 months. Mr. Brandt will also pay the current charges for sewer and refuse, which total $125.00 per month. The total of those two on a monthly basis starting July 1, 2015[,] is $781.86 that will continue for 18 monthly payments by Mr. Brandt. At the end of that period, presuming Mr. Brandt has made full payments, his rate will go down to whatever the standard rate was for sewer and refuse at that time. The current rate for sewer for three units is $210.00 per quarter. The current rate for refuse for three units is $165.00 per quarter. The Borough reserves the right to increase the rates for all rate payers at any time.

If Mr. Brandt makes payment for the full 18 months as well as the down payment, the Borough will waive interest and penalties during that time.

(Order, May 28, 2015.)

Mr. Brandt appealed pro se, and common pleas directed him to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure,[5] Pa. R.A.P. 1925(b). In his Statement, Mr. Brandt argued that: (1) his counsel did not explain to him the terms of the Agreement; (2) common pleas did not ask him "if he understood and agreed to the details of the [A]greement" or "if the [m]athematics [were] correct within the [A]greement"; and (3) that the Agreement did not reflect credits for charges issued against him for units that Mr. Brandt did not own, which he was prepared to prove at the bench trial. (Statement.)

---

[5] Rule 1925(b) provides, in pertinent part,

If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

Noting that "'[t]here is a strong judicial policy in favor of voluntarily settling lawsuits,'" and that "'a court must enforce the terms of the agreement'" if it "'contains all of the requisites for a valid contract,'" common pleas held that the hearing transcript revealed that Mr. Brandt was advised of the Agreement's terms, he did not indicate that he disagreed with those terms or the amounts therein, and the only question he had was related to penalties and interest, and not the sums involved. (1925(a) Op. at 4-5 (quoting <u>Step Plan Services, Inc. v. Koresko</u>, 12 A.3d 401, 408-09 (Pa. Super. 2010).) Moreover, common pleas observed that Mr. Brandt did not assert in his Statement that there was any fraud, duress, or mutual mistake in reaching the Agreement, which is required for setting aside a settlement agreement. (<u>Id.</u> at 4, 6 (citing <u>Step Plan Services, Inc.</u>, 12 A.3d at 409).) Finally, common pleas indicated that it believed that all of Mr. Brandt's claims asserted in his appeal were waived because Mr. Brandt did not file a petition to set aside the settlement raising these issues and requesting common pleas to set aside the Agreement. (<u>Id.</u> at 6.) Accordingly, common pleas concluded that the Agreement must be upheld.[6] This matter is now ready for our review.

On appeal,[7] Mr. Brandt first argues that he never approved the Agreement and it "was entered into among counsel." (Mr. Brandt's Br. at 4.) He further asserts that although common pleas asked the Borough's counsel about the accuracy of the Agreement, common pleas did not ask Mr. Brandt or his counsel if

---

[6] Mr. Brandt's brief indicates that he is appealing from an Order dated August 24, 2015; however, common pleas issued that Order with its 1925(a) Opinion and the Order indicates that common pleas was affirming its May 28, 2015, Order. It is the May 28, 2015, Order that approved the Agreement from which Mr. Brandt filed his notice of appeal.

[7] "This Court reviews a trial court's acceptance or rejection of a settlement proposal for abuse of discretion." <u>BPG Real Estate Investors-Straw Party II, L.P. v. Bd. of Supervisors of Newtown Twp.</u>, 990 A.2d 140, 145 (Pa. Cmwlth. 2010).

it was accurate. Mr. Brandt also claims that he informed his attorney almost a year before the Agreement that the amount claimed by the Borough was incorrect by over $7,000. Accordingly, he asserts there was a "mutual mistake" when the Agreement was entered into for an amount that he did not owe and, therefore, common pleas' Order should be reversed and a new hearing be held to address Mr. Brandt's claims.

The Borough argues that Mr. Brandt waived these arguments pursuant to Rule 302(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 302(a), because they could have been made to common pleas either during the discussion of the Agreement at the May 28, 2015, trial, or in a petition to set aside the settlement, and were not. Either way would have provided common pleas the opportunity to take evidence and consider Mr. Brandt's assertions but, instead, he raised them to this Court in the first instance in this appeal. The Borough also asserts that Mr. Brandt did not make the required showing of fraud, duress, or mutual mistake, or that his counsel approved the Agreement without Mr. Brandt's authorization and, therefore, common pleas' approval of the Agreement was not erroneous.

We first address the question of whether Mr. Brandt has waived his issues for failing to raise them before common pleas. Rule 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). Thus, an issue not raised before common pleas cannot be raised at the appellate level. Thoman v. Dep't of Transp., Bureau of Driver Licensing, 965 A.2d 385, 389 (Pa. Cmwlth. 2009). For the purposes of Rule 302(a), an issue has been defined as a "disputed point or question on which the parties to an action desire the court to decide." Pa. Liquor Control Bd. v. Willow

6

Grove Veterans Home Ass'n, 509 A.2d 958, 961 (Pa. Cmwlth. 1986), disapproved on other grounds by Appeal of Borough of Churchill, 575 A.2d 550 (Pa. 1990). Requiring that issues be raised prior to the appeal "ensure[s] that the trial court or agency that initially rules on such matters has had an opportunity to consider the issue." Lincoln Phila. Realty Assoc. I v. Bd. of Revision of Taxes, 758 A.2d 1178, 1186 (Pa. 2000).

At the hearing, at which Mr. Brandt and his counsel were present, the terms of the Agreement were read into the record by the Borough's counsel. Following the recitation of the terms, the following exchange occurred:

The Court: [Mr. Brandt's counsel], anything further?

[Mr. Brandt's counsel]: No, I don't have anything to add.

The Court: Mr. Brandt, did you hear that, sir?

[Mr. Brandt]: Yes. I wonder about the continuing interest and penalties on that money in the future.

The Court: Well, if - - did you discuss that with him?

[Borough's counsel]: If Mr. Brandt makes payment for the full 18 months as well as down payment, the [B]orough will waive interest and penalties during that time period.

The Court: All right. Does that answer your question?

[Mr. Brandt]: Yes, it is [sic] does.

The Court: Very well. And, folks, on behalf of the [B]orough, is that your agreement?

[Borough Representative 1]: Yes.

[Borough Representative 2]: Correct.

7

> The Court: The Court will direct that be the full settlement of this matter of both parties. . . . These are only as good as the people's words that they keep to them. . . . What I . . . want to say is that by appearing in court as respectful as you all are and saying, Judge, we agree to this, that's what's important. . . . The fact that you can finally sit together and say, okay, we've had our differences, we're not happy but we can agree[,] [t]hat's important and that's how good government works. . . .

(Hr'g Tr. at 3-5.) From this passage, it is apparent that Mr. Brandt: was advised of the Agreement's terms; was asked by common pleas if he heard those terms; inquired about a particular term that he wanted in the Agreement; received a satisfactory answer from the Borough's counsel on that term; and did not object or otherwise state his disagreement with the Agreement's terms. The Borough's Representatives indicated that the terms read into the record reflected the Borough's agreement with Mr. Brandt. At no point did Mr. Brandt express that he did not understand the Agreement, that he did not approve of the Agreement, or that his counsel was not authorized to have entered into the Agreement on his behalf. Thus, we conclude that Mr. Brandt did not raise these issues before common pleas and, as such, has not preserved them for appellate review.

Similarly, the terms read into the record included that the amount Mr. Brandt was agreeing to pay to the Borough was $36,823.48. Notwithstanding Mr. Brandt's current assertions that this sum is too high, a fact of which he indicates he was aware at least one year before the Agreement and that he had been prepared to challenge that amount, Mr. Brandt did not question or otherwise challenge that amount at the May 28, 2015, hearing. The only question Mr. Brandt raised related to the calculation of continuing penalties and interest on that amount, which was answered to his satisfaction. (Hr'g Tr. at 4.) If Mr. Brandt believed that the amount he owed the Borough was less than that asserted by the Borough and set

8

forth in the Agreement, that was a "disputed point or question on which [he] desire[d] the court to decide," Willow Grove Veterans Home Association, 509 A.2d at 961, he should have raised that issue with common pleas at the May 28, 2015, hearing. Had he done so, common pleas would have "had an opportunity to consider the issue" before, or in lieu of, approving the Agreement. Lincoln Phila. Realty Assoc. I, 758 A.2d at 1186. Accordingly, we also conclude that Mr. Brandt did not preserve this issue for appellate review pursuant to Rule 302(a).

In addition to failing to object to the trial court at the hearing, Mr. Brandt did not file a petition to set aside the settlement agreement with common pleas, which also would have enabled common pleas to consider these claims.[8]

---

[8] Even if these issues had been preserved, we would not be persuaded by Mr. Brandt's arguments. Mr. Brandt was made aware of the terms of that Agreement when they were read in open court, he had an opportunity to ask questions regarding the Agreement (which he did) and to express his non-approval or disagreement to entering the Agreement. He did not do so. Thus, we agree with common pleas that Mr. Brandt approved of the Agreement and that Mr. Brandt's counsel did not enter into the Agreement on his behalf without authorization.

Mr. Brandt also has not established that the Agreement was induced by fraud, duress, or mutual mistake. As observed by common pleas, "[t]here is a strong judicial policy" in this Commonwealth that favors voluntary settlement agreements between parties "because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant." Step Plan Services, Inc., 12 A.3d at 408-09 (internal quotation omitted). The principles of contract law govern the enforcement of settlement agreements; thus, if there is an offer, acceptance and consideration, i.e., all the requirements of a valid contract, the terms of the settlement agreement will be enforced. Id. Absent a "clear showing of fraud, duress, or mutual mistake," "[a] settlement agreement will not be set aside." Pennsbury Village Assoc., LLC v. McIntyre, 11 A.3d 906, 914 (Pa. 2011).

The doctrine of mutual mistake, relied upon by Mr. Brandt,

> occurs when the parties to the contract have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party. A mutual mistake occurs when the written instrument fails to . . . set forth the "true" agreement of the parties.
>     ***

*(Continued…)*

9

For these reasons, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

---

A contract entered into under a mutual misconception as to an essential element of fact may be rescinded or reformed upon the discovery of the mistake if (1) the misconception entered into the contemplation of both parties as a condition of assent, and (2) the parties can be placed in their former position regarding the subject matter of the contract. In other words, mutual mistake occurs when a fact in existence at the time of the **formation** of the contract, *but unknown to both parties*, will materially affect the parties' performance of the contract.

Step Plan Services, Inc., 12 A.3d at 410 (italicized emphasis added). The party asserting the mutual mistake must present clear, precise, and convincing evidence of that mistake. Bugen v. New York Life Ins. Co., 184 A.2d 499, 500 (Pa. 1962). Mr. Brandt claims that a "mutual mistake" exists in the terms of the Agreement based on *his* belief that he was overcharged by the Borough. Mr. Brandt acknowledges, however, in his arguments that he had advised his counsel of this alleged overcharge at least a year *before* the Agreement was entered into on May 28, 2015. Because Mr. Brandt was aware of the alleged overcharge, it was not "*unknown to both parties*," at the time of the agreement, and thus not a mutual mistake. Step Plan Services, Inc., 12 A.3d at 410 (emphasis added).

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Palmyra          :
                                 :
               v.          :   No. 1111 C.D. 2015
                                 :
Raymond U. Brandt,     :
              Appellant   :

# O R D E R

**NOW**, July 8, 2016, the Order of the Court of Common Pleas of Lebanon County, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge