Elsie B. Lashe and Walter Lashe, on Behalf of Themselves and All Others Similarly Situated, Appellants *v.* Northern York County School District et al., Appellees.

Argued March 11, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*John C. Uhler,* for appellant.

*Niles Benn,* with him *Timothy E. Kane, Wiley & Benn,* for appellees.

OPINION BY JUDGE MacPHAIL, July 8, 1980:

Elsie B. Lashe and Walter Lashe (Appellants) filed a class action in equity on September 3, 1975 in the York County Court of Common Pleas challenging the validity of an occupation tax resolution adopted by the Northern York County School District (District) on June 12, 1969. Appellants contend that the resolution is invalid on its face and as applied to them. Appellants sought to have the District restrained from collecting the occupation tax from housewives, retired persons and others who have no income producing employment and to have such persons exempted from payment of the tax. The Chancellor, Judge BUCKINGHAM, concluded that the ordinance is valid and enforceable against housewives and retired persons; argument on exceptions to the adjudication and decree nisi was heard by the lower court sitting en banc and the exceptions were overruled. This appeal was timely filed from the final order of the court en banc.

Neither the Appellee School District nor the lower court has raised the issue of whether equity has jurisdiction to adjudicate the questions raised by Appellants' complaint. For the reasons that follow, we hereby raise the issue sua sponte and find that equity has no jurisdiction in the instant case.

The vagaries of jurisdictional questions mandate that we explain in some detail the basis for our decision to refuse jurisdiction in this case.

Jurisdiction is the power of a court to enter into an inquiry on a certain matter. *Studio Theaters, Inc. v. City of Washington,* 418 Pa. 73, 209 A.2d 802 (1965). A careful distinction must be made between subject matter jurisdiction, which we have just defined, and equity jurisdiction, which describes the remedies available in equity. *Hoover v. Bucks County Tax Claim Bureau,* 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1980).

We are aided in an understanding of this distinction by *West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970). The court notes therein that there is no separate equity court in Pennsylvania. We have two "sides" to the common pleas court and the term "equity jurisdiction" is used to refer to invocation of the extraordinary remedies of equity. Hence, if there is an adequate non-statutory remedy at law, equity may withhold its remedies and the matter will be transferred to the law side. *Id.*

Pa. R.C.P. No. 1509, which applies to equity actions, also serves to clarify this distinction. The rule provides:

(a) Preliminary objections authorized by Rule 1017(b) are available to any party.

(b) The objections of laches and failure to exercise or exhaust a statutory remedy may

be raised by preliminary objections, answer or reply but are not waived if not pleaded.

(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived.

The objection described in subparagraph (c) is an objection to the form of action and not to the power of the court to hear the matter. It may, therefore, be waived. This is made clear by the remedy where such an objection is timely made and granted, *i.e.* the action will be transferred to the law side of the court. *Carelli v. Lyter,* 430 Pa. 543, 244 A.2d 6 (1968).

The objection, described in subparagraph (b), of failure to exercise or exhaust a statutory remedy is a challenge to the power of the court to hear the action[1] because neither side of the court can entertain the action where there is an exclusive statutory remedy provided. Thus, if an objection is sustained, the result is to send the matter through the statutorily prescribed route. *West Homestead, supra.*

Although subsection (a) of Pa. R.C.P. No. 1509 incorporates the objections available under Pa. R.C.P. No. 1017(b), which includes an objection to subject matter jurisdiction, subsection (b) of 1509 repeats this basis for objection. The failure to exhaust a statutory remedy raises the question of subject matter jurisdiction. Both 1017(b) and 1509(b) have their origin in Section 1 of the Act of March 5, 1925, repealed by Section 2(a) of the Act of April 28, 1978,

---

[1] The objection of laches does not involve jurisdiction. The rationale for the rule that the objection of laches is not waived is that "[i]t is a matter of fact not to be determined merely on the pleadings." Goodrich-Amram 2d §1509(b) :1.

P.L. 202, which will become effective June 27, 1980. Similar provisions are now found in the Judicial Code, 42 Pa. C.S. §1722(a)(1) and §5105(c).

The distinction between power to hear an action and the form of action is significant because a court has the duty to raise the issue sua sponte where the former is involved, *i.e.* where a true jurisdictional issue is present. It is clear that parties may not confer jurisdiction over a cause of action or the subject matter of an action by consent or agreement. *Calabrese v. Collier Township Municipal Authority,* 430 Pa. 289, 240 A.2d 544 (1968). The question posed herein is whether the parties can confer jurisdiction by their failure to raise the issue. We think not.

In *Jones v. Amsel,* 388 Pa. 47, 130 A.2d 119 (1957), the parties had raised no objection to the jurisdiction of the Chancellor, but the court en banc raised the issue sua sponte, found that there was an adequate *nonstatutory* remedy at law and ordered the action transferred to the law side. The Pennsylvania Supreme Court affirmed the action of the court en banc and stated that the duty of a court to determine its own jurisdiction cannot be removed by the ineptitude or inaction of the parties. *Id.* at 51, 130 A.2d at 121. While *Carelli, supra,* rejects the result in *Jones* (because the existence of an adequate *nonstatutory* remedy is *not* a jurisdictional issue), it does not question that a court has the duty to determine its jurisdiction. *Carelli, supra* at 548, 244 A.2d at 9. *See also, West Homestead, supra.*

Therefore, we must determine whether this case involves subject matter jurisdiction. If it does, we have the duty to raise the issue and dismiss this appeal

Confusion may have been created by cases discussing jurisdiction because equity jurisdiction has

often been used as a synonym for subject matter jurisdiction. Further, there is a distinction between an exclusive statutory remedy and an adequate or permissive statutory remedy.

The well-settled rule in Pennsylvania is that "where the Legislature provides a statutory remedy, which is mandatory and exclusive, equity is without power to act." *DeLuca v. Buckeye Coal Co.*, 463 Pa. 513, 519, 345 A.2d 637, 640 (1975).

The key to this principle is in defining mandatory and exclusive. The rule itself is based on Section 1504 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1504, *formerly* 46 P.S. §156, repealed by the Act of December 6, 1972, P.L. 1339, which provides:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

In referring to this section, the court in *West Homestead* stated as follows: "This statute says in unambiguous language that, if the legislature provides a specific, *exclusive,* constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute. . ." *Id.* at *118*, 269 A.2d at 907. In other words, where there is an exclusive statutory remedy, subject matter jurisdiction is lacking.

In determining what is meant by an exclusive statutory remedy, we are again aided by a well-settled rule, *i.e.* "[w]here a remedy is provided by an act of assembly, the directions of the legislation

must be strictly pursued and such remedy is exclusive." *Lurie v. Republican Alliance,* 412 Pa. 61, 63, 192 A.2d 367, 369 (1963). There is no reason to believe that *West Homestead* had any other definition of exclusive statutory remedy in mind.

What then is a non-exclusive statutory remedy? The answer is provided in *DeLuca, supra.* A non-exclusive or permissive statutory remedy is present where the Legislature specifically provides that a person may proceed under the statute or may go to the courts. *Id.* at *519,* 345 A.2d at 637. *See also, Studio Theaters, Inc., supra* (COHEN, J., dissenting).

It must be recognized that a statutory remedy cannot be extended to cover matters not within its. scope. Such a situation is described in *Redding v. Atlantic City Electric Co.,* 440 Pa. 533, 269 A.2d 680 (1970). There the court reviewed the statutory language asserted to be an exclusive remedy and concluded that the Legislature had not intended the statutory remedy to apply to the situation presented in that case. *Id.* If the statute does not apply to a controversy, it obviously is not intended to be any remedy, much less an exclusive remedy.[2]

---

[2] The issue of whether a court should decline to hear a matter in equity where there is a permissive statutory remedy has not been reached by Pennsylvania Appellate Courts. Such an objection would be based on the traditional "adequate remedy at law" bar to access to equitable remedies. *See, Hoover, supra.* However, since Rule 1509(1) states that the objection of failure to exhaust a statutory remedy is not waivable, it may be argued that the court may raise the issue sua sponte. Further, because the result of sustaining such an objection would be to transfer the action to a separate tribunal (and not merely to another "side" of the same court) a "true" jurisdictional issue is apparently raised. Under this analysis, where an adequate, but permissive statutory remedy exists, equity should deny jurisdiction whereupon the case would be transferred to the appropriate forum. Such a result would be in line with 1 Pa. C.S. §1504 and Pennsylvania case law.

In summary, where a statutory remedy exists, it is exclusive unless the jurisdiction of the courts is preserved thereby. This case, therefore, clearly presents a question of subject matter jurisdiction and we have the duty to raise the issue sua sponte.

The Pennsylvania courts recognize, however, that equity does not lack subject matter jurisdiction where the validity of a taxing ordinance is questioned. The rule may be stated that, since constitutional issues can be raised and considered in a statutorily prescribed proceeding, the issue to be resolved to determine whether equity will take jurisdiction is the adequacy of the statutory remedy under the circumstances. *Borough of Greentree v. Board of Property Assessment,* 459 Pa. 268, 328 A.2d 819 (1974).

The *Greentree* case followed a long line of decisions, including *Y.M.C.A. v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961), where the court stated that equity may have jurisdiction where a tax statute is made the subject of constitutional challenge. *Id.* In *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968), the court stated broadly that equity will always assume jurisdiction where a constitutional challenge is present. This broad enunciation was limited in *Crosson v. Downington Area School District,* 440 Pa. 468, 270 A.2d 377 (1970) and, finally, in *Greentree,* the court stated that "[t]he more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise." *Greentree, supra* at 281, 328 A.2d at 825. A thorough review of the cases considering equity's jurisdiction where a constitutional challenge to a taxing ordinance has been made is contained in *Hudson*

*v. Union County,* 50 Pa. Commonwealth Ct. 378, 413 A.2d 1148 (1980).[3]

In the instant case the ordinance to which Appellants object was enacted pursuant to the authority granted by The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, §1 et seq., *as amended,* 53 P.S. §6901 et seq. The occupation tax is computed by applying a millage rate, determined by the District, to the occupation assessments determined by the York County Board of Assessment Appeals pursuant to the Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, §1 et seq., *as amended,* 72 P.S. §5342 et seq.

Appellants should have challenged the ordinance that levied the tax by proceeding under Section 6 of the Act, 53 P.S. §6906, which provides a specific remedy for aggrieved taxpayers. The record is de-

---

[3] While there is language in *Alco Parking Corp. v. Pittsburgh,* 453 Pa. 245, 307 A.2d 851 (1973), *rev'd on other grounds,* 417 U.S. 369 (1974) to the effect that an objection to jurisdiction is waived if not raised below, we are certain that the case is not intended to relieve a court of the duty to question its jurisdiction.

In *Alco,* an appeal was filed from a Decree Nisi of the Court of Common Pleas to the Pa. Commonwealth Court. Appellants did not object to the *specific finding* by the Chancellor that equity had jurisdiction. The Pa. Commonwealth Court affirmed the lower court and an appeal was filed before the Pa. Supreme Court.

The Pa. Supreme Court declined to address the jurisdictional issue for two reasons: 1) it had not been raised below and 2) it would not have succeeded in any event.

We feel that the holding of *Alco* is limited to the specific situation therein and that our Supreme Court had no intention of changing the long standing rule that a court must determine its jurisdiction. The lower court had done so in *Alco* and had entered a specific finding that it had jurisdiction. That finding was not challenged in the subsequent appeal. In the instant case, there is no finding by the trial court regarding its jurisdiction.

Moreover, our interpretation of *Alco* is bolstered by the fact that our Supreme Court continued the traditional analysis of equity jurisdiction in *Borough of Greentree, supra.*

void of any hint that the statutory remedy would have been inadequate. Appellants did not even explore the possibility of pursuing the statutory remedy.[4] The only basis upon which equity would be able to exercise jurisdiction in the instant case is the constitutional challenge that the ordinance is void for vagueness due to a failure to define occupation. This attack does not question the power to tax and can be easily answered since the assessment lists are a matter of public record and advise any interested person of his status vis-a-vis the occupation tax. We can find no basis for equity to exercise jurisdiction in the instant case. Section 6 "affords both an efficient and expeditious remedy in advance of the need for payment of the tax." *Pittsburgh Coal Co. v. School District of Forward Township,* 366 Pa. 489, 78 A.2d 253 (1951). Because the Appellants have failed to allege inadequacy of their statutory remedy or that irreparable harm would result if this remedy were pursued, we may say with our Supreme Court that

> the complaint alleges none of the classic grounds which may justify equitable intervention in the operation of a taxing statute. While the decisions of this Court in the general area may have fallen short of consistency, none of them would sustain equitable jurisdiction absent these fundamental attributes of that branch of our jurisprudence.

---

[4] The remedy provided by Section 6 requires twenty-five persons in order to file an appeal. While it may be possible that a party would be unable to secure the required number, a good faith attempt must be made. Appellants have filed a class action suit, which presumes a large group of individuals similarly situated. If a party makes a good faith attempt to secure twenty-five persons and cannot, this would demonstrate the inadequacy of the statutory remedy as to them. However, equity cannot countenance a party who ignores the statutory remedy.

552

*Lilian v. Commonwealth,* 467 Pa. 15, 20, 354 A.2d 250, 253 (1976).

We dismiss this appeal because Appellants have failed to allege that the statutory remedy was unavailable or inadequate or that irreparable harm would result from pursuit of the statutory route. The constitutional challenge they make could have been raised in the administrative proceeding. Therefore, the lower court lacked jurisdiction to decide the issue raised by Appellants.

President Judge CRUMLISH dissents.

### ORDER

AND Now, this 8th day of July, 1980, the final decree of the Court of Common Pleas of York County, dated February 26, 1979, modifying the Chancellor's finding of fact and affirming the Chancellor's conclusions of law dated November 17, 1978 is reversed and the case is dismissed.

Judge WILLIAMS, JR. concurs in result only.