The Aquarian Church of Universal Service, Appellant *v.* County of York et al., Appellees.

Argued May 6, 1985, before Judges Rogers, MacPhail and Palladino, sitting as a panel of three.

*Daniel F. Wolfson,* with him, *Penny Blackwell, Wolfson & Blackwell,* for appellant.

*Joseph G. Pizarchik,* with him, *William F. Hoffmeyer* and *Stephen K. Portko, Hoffmeyer and Semmelman,* for appellees.

OPINION BY JUDGE ROGERS, June 25, 1985:

The Aquarian Church of Universal Service (church) has appealed from a final decree of the Court of Common Pleas of York County vacating an injunction restraining the tax sale of the church's property and dismissing its complaint in equity.

The church is a Pennsylvania nonprofit corporation with the stated purpose of promoting religious worship and educational development. Its properties were assessed for local tax purposes and the church failed to pay the bills for taxes. In 1980, the church paid twenty-five per cent of the taxes due and the York County Tax Claim Bureau stayed the pending tax sale pursuant to Section 603 of the Real Estate Tax Sale Law.[1] The church failed to pay the balance due under the stay agreement and the 1981 taxes, and the bureau scheduled a tax sale for December 3, 1981.

The church then filed a complaint in equity, averring that as a church and as a public charity its property was exempt by statute, citing The General County Assessment Law (Assessment Law), 72 P.S. §5020-204,[2] and hence was not subject to assessment. The

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.603.

[2] Section 204 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204. The statute provides pertinently:

trial court by decree nisi enjoined the sale. The appellee, York County,[3] a defendant in the action below, filed exceptions to the court's order, requesting that the court dismiss the complaint on the basis that the court lacked subject matter jurisdiction.[4] The court agreed, vacating the injunction and dismissing the complaint.

---

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

(1) All churches, meeting-houses or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same;

. . . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence, or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity: Provided, That the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;

. . . .

(9) All real property owned by one or more institutions of purely public charity, used and occupied partly by such owner or owners and partly by other institutions of purely public charity, and necessary for the occupancy and enjoyment of such situations so using it. . . .

[3] The other defendants-appellees in this action are West Borough, West York Area School District, York County Board of Assessment Appeals and Tax Claim Bureau.

[4] See *Lashe v. Northern York County School District*, 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980), for an extensive discussion of the distinction between subject matter jurisdiction and "equity jurisdiction." In *Lashe*, we explained that where statutory remedy is exclusive, courts lack subject matter jurisdiction in the premises.

The issue is that of whether the common pleas court had subject matter jurisdiction to enjoin the sale of church property. The church argues in effect that provisions of Section 204 of the Assessment Law providing exemptions from local taxes for places of worship and the real property of public charities are self-executing; that they exempt its properties from assessment without necessity on its part to apply for exemption; and that the court had jurisdiction to stay the sale of its properties for taxes based on their invalid assessment. The case law is contrary to the church's thesis. Where the legislature has provided a statutory remedy which is mandatory and exclusive, equity is without power to act in relief of the party who has failed to pursue that remedy. The statutory remedy of appeal to assessment boards is the mandatory and exclusive remedy of persons claiming that their real estate is exempt from local taxes. *Concerned Taxpayers of Beaver County v. Beaver County Board of Assessment Appeals,* 75 Pa. Commonwealth Ct. 443, 462 A.2d 347 (1983); *Appeal of Cedarbrook Realty, Inc.,* 39 Pa. Commonwealth Ct. 150, 395 A.2d 613 (1978). *See also Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980). These cases and others to the same effect derive from *Young Men's Christian Association v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961), where the Supreme Court wrote, at 598, 167 A.2d at 472:

> Considering the ample protection of the statutory procedure now afforded a taxpayer and the greater skill of local assessing officers in reviewing these matters prior to court proceedings, it seems unjustifiable to continue upholding equitable jurisdiction where a taxpayer claims its charitable status entitles it to a 100% exemption from taxation while relegating to the

statutory proceeding a taxpayer one percent of whose property is admitted or found to be taxable, the other 99% being exempt. We conclude, therefore, that, absent a challenge to the constitutionality of a statute or of official action thereunder, equity has no jurisdiction to restrain the collection of taxes. . . .

The appellant church additionally contends that the actions of the York County taxing authority of assessing its properties and that its default in payment of the taxes, which exposed its properties to sale, raise ''serious and sensitive'' (but otherwise undescribed) constitutional issues. The issue sought to be raised may be that of interference with the free exercise of the members' religious beliefs. The church seems to contend that the court had jurisdiction because it raises a constitutional challenge. But the law is that the constitutional challenge in such case must be substantial and that a mere allegation of unconstitutionality will not confer jurisdiction. *Rochester & Pittsburgh Coal Company v. Indiana County Board of Assessment and Revision of Taxes*, 438 Pa. 506, 266 A.2d 78 (1970). We are not persuaded that the appellant has raised a substantial constitutional issue. The recent case of *Tony and Susan Alamo Foundation v. Secretary of Labor*, U.S. , 53 U.S.L.W. 4489 (1985), is instructive. The United States Supreme Court there held that the Free Exercise and Establishment Clauses are not violated by governmental activities which preserve the public tranquility, peace or economic order such as labor, zoning, or building regulations. This case involves only the law's insistence that persons claiming exemption of their real estate from local taxes establish their entitlement by the inoppressive means of appeal, in the first instance, to boards of assessment. This seems to us to be a governmental activity calcu-

lated to preserve a number of important public interests.

Finally, in *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974), the Pennsylvania Supreme Court held that the taxpayer seeking to invoke equity in this class of case must convince the courts that the statutory remedy of administrative appeal is inadequate. Nothing in this record suggests that an appeal of its assessment first to the York County assessment board would not have fully suited the church's purpose.

We affirm the order of the court of common pleas, with expression of the hope that the county and the church may achieve a resolution of this case which will uphold the legal position of the county without sacrifice of the church's property.

ORDER

AND Now, this 25th day of June, 1985, the final decree of the Court of Common Pleas of York County in the above-captioned matter is affirmed.