IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District, : 
         Appellant : 
               : 
     v. :   No. 1272 C.D. 2022
              :   Argued: December 4, 2023
103 Commerce Drive ILP, LLC : 

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE STACY WALLACE, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT       FILED: January 23, 2024


    Chester Upland School District (School District) has appealed an order of the Court of Common Pleas of Delaware County (trial court) sustaining the preliminary objections of 103 Commerce Drive ILP, LLC (Property Owner) in the nature of a demurrer to the School District's amended complaint. The School District seeks to recover from Property Owner the amount in taxes it would have paid but for the County's delay in revising Property Owner's assessment. The trial court dismissed the School District's amended complaint for declaratory and equitable relief for the stated reason that the School District had a statutory remedy to challenge Property Owner's assessment. We affirm the trial court.

    On March 26, 2021, the School District filed an amended complaint that alleged the following. Property Owner owns real property located at 103 Commerce Drive, Chester Township (Property). In February 2020, the School District learned that the Property had been improved with the construction of a new commercial building approximately 254,000 square feet in size. The School District notified the Delaware County Assessor's Office about the improvement. Thereafter, the County increased the Property's tax assessment from $724,000 to $11,671,430

(consisting of $724,000 for the land and $10,947,430 for the building), effective March 1, 2020. The School District's amended complaint alleged that even though the building was completed on January 27, 2016, the property's assessment reflected only the value of the Property's land until March 1, 2020, when the County Assessor revised the assessment.

Count I of the amended complaint asserted an unjust enrichment claim on the basis that Property Owner "has passively received the benefit of the underpaid school taxes during the period from at least January 27, 2016 to March 1, 2020." Amended Complaint, ¶23; Reproduced Record at 4a (R.R. ___). The amended complaint alleged that during that period, Property Owner paid approximately $80,000 in school taxes "instead of the approximately $1,280,000 of total school taxes which rightfully should have been paid," and Property Owner knew, or should have known, that it was underpaying school taxes. Amended Complaint, ¶21; R.R. 4a. In retaining "the benefit of the underpaid school taxes," Property Owner paid "less than its fair share of the cost of government" including "the cost to maintain a public education system." Amended Complaint, ¶¶27, 30, 31; R.R. 5a.

Count II of the amended complaint asserted a declaratory judgment claim that Property Owner owed the School District "the correctly calculated underpaid school taxes due" from January 27, 2016, to March 1, 2020, "based on the assessment figure for the Property established as of March 1, 2020[.]" Amended Complaint at 9; R.R. 9a. Count II requested the court to declare the amount of taxes owed by Property Owner to School District from January 27, 2016, to March 1, 2020.

In response, Property Owner filed preliminary objections demurring to the amended complaint on several grounds. First, Property Owner asserted that

2

because the amended complaint did not allege that the School District conferred a benefit on Property Owner, it did not state a claim for unjust enrichment. Second, unjust enrichment is a common law remedy that was precluded by the School District's statutory remedy. Specifically, the Consolidated County Assessment Law (Assessment Law),[1] 53 Pa. C.S. §§8801–8868, has established the exclusive procedure for tax assessments and their appeals by taxpayers and taxing authorities. The County assessed the Property at $724,000 for the period from January 27, 2016, to March 1, 2020, and Property Owner paid the taxes owed in accordance with the Property's assessment. The School District cannot employ equity to revise the Property's assessment for that period of time because the statutory procedure for revising assessments is exclusive. For the same reasons, Property Owner asserted that the amended complaint did not state a claim under the Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541.

By order of November 7, 2022, the trial court sustained the preliminary objections and dismissed the School District's amended complaint with prejudice. In its PA.R.A.P. 1925(a) opinion, the trial court explained that an action for unjust enrichment originates from the theory of quasi-contract or contract implied in law, where the defendant's acceptance and retention of benefits conferred by the plaintiff would be inequitable without payment of value. Trial Court Op. at 6 (citing *Toppy v. Passage Bio, Inc.*, 285 A.3d 672 (Pa. Super. 2022)). The School District's amended complaint did not allege that it conferred a cognizable benefit on Property Owner. Rather, the amended complaint alleged that Property Owner passively received a benefit from the delay in the Property's revised assessment. However, it

[1] The Consolidated County Assessment Law enacted on October 27, 2010, effective January 1, 2011, applies to the counties of the second class A, third, fourth, fifth, sixth, seventh and eighth classes. 53 Pa. C.S. §8801(b)(1)(i).

3

was not the School District that provided this "benefit" to Property Owner, which the trial court concluded was a necessary element for an unjust enrichment claim.

The trial court further opined that where, as here, a statutory remedy exists by which to challenge a tax assessment, the School District could not invoke equity. In support, the trial court cited Section 8844(c) of the Assessment Law, 53 Pa. C.S. §8844(c) (regarding annual assessment appeal deadline), and Section 15 of the Local Tax Collection Law,[2] 72 P.S. §5511.15 (tax collector prohibited from receiving payment of taxes not assessed). Given this statutory scheme, the trial court dismissed the School District's action for failing to state a claim upon which relief can be granted.

The School District appealed to this Court.

On appeal,[3] the School District argues that the trial court erred in sustaining Property Owner's demurrer. It contends that Property Owner "passively received a benefit" that would be unconscionable to retain. The School District argues that it has adequately pleaded the claim of unjust enrichment by alleging that during the time period in question, Property Owner "underpaid (by approximately $1,200,000) the rightful amount of school taxes which should have been due" if the Property "had been assessed fairly and correctly." School District Brief at 9. The School District further argues that as of February of 2020, it did not have a statutory remedy because the Assessment Law, cited by the trial court, does not authorize a retroactive assessment to 2016 when the building was constructed. Further, the statutory deadline for the School District to appeal the Property's assessment for

---

[2] Act of May 25, 1945, P.L. 1050, *as amended*.

[3] "Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

4

each tax year from 2016 through 2019 had lapsed as of February 2020 "through no fault of its own." School District Brief at 15.

In response, Property Owner argues that the trial court did not err. The School District provided no work, service, or other benefit to Property Owner, which is required for an unjust enrichment claim at common law. As found by the trial court, even if Property Owner's payment of school taxes was lower than it should have been, this so-called "benefit" was not conferred by the School District. Property Owner further argues the procedures in the Assessment Law are mandatory and for sound policy reasons. The annual certification and assessment roll provided in the Assessment Law provide certainty both to taxing authorities and to property owners. Permitting the taxing authorities to "short-circuit this statutory scheme" in an equitable proceeding would eliminate this certainty. Property Owner Brief at 13. Lest there be any doubt, Section 15 of the Local Tax Collection Law[4] makes it unlawful to collect tax payments that have not been duly assessed. Simply, School District's claims were beyond equitable or declaratory relief.

---

[4] Section 15 states as follows:

> *It shall not be lawful for any* county treasurer, county commissioner or any *tax collector*, nor for any other person, on his or their behalf, *to receive payment* or give any receipt for the payment *of any taxes that have not been duly assessed* and returns of said assessment made according to law, nor shall any such treasurer, commissioner or tax collector, or other person on his or their behalf, receive payment or give any receipt for the payment of any taxes, from the collection of which the tax collector has been exonerated according to law. But where the tax collector has been so exonerated, such taxes shall remain payable to the taxing district. Except as hereinafter otherwise provided, it shall not be lawful for any county commissioner, or for any other person on his behalf, to add any name to the duplicate return or list of taxables made or furnished by the assessor or assistant assessors of any township, ward or district.

72 P.S. §5511.15 (emphasis added).

Enumerated preliminary objections may be filed to any pleading and include the "legal insufficiency of a pleading (demurrer)[.]" PA.R.CIV.P. 1028(a)(4). When ruling on preliminary objections in the nature of a demurrer, the trial court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deduced therefrom, but the court is not required to accept conclusions of law or expressions of opinion. *Russell v. Donnelly*, 827 A.2d 535, 536 (Pa. Cmwlth. 2003). Because a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only when it appears with certainty that the law permits no recovery under the allegations pleaded. *Id.*

We start with a review of the Assessment Law, which governs the taxation of real property by school districts. Section 8811(a) states, in pertinent part, that

> all subjects and *property made taxable* by the laws of this Commonwealth for county, city, borough, town, township and school district purposes *shall, as provided in this chapter, be valued and assessed at the annual rates*, including all . . . [r]eal estate . . . [and] [a]ll other things now taxable by the laws of this Commonwealth for taxing districts.

53 Pa. C.S. §8811(a) (emphasis added). The county assessment office must prepare and submit to the assessment board "[a]nnually, on or before the first day of July," an assessment roll of properties subject to, or exempt from, local taxation. 53 Pa. C.S. §8841(a). Moreover,

> [t]he county assessment office is authorized to make additions and *revisions to the assessment roll at any time in the year* to change the assessments of existing properties pursuant to section 8817 (relating to changes in assessed valuation) or add properties and improvements to property mistakenly omitted from the assessment roll *as long as notice is provided* in accordance with section 8844 (relating to notices, appeals and certification of

6

values). All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared.

53 Pa. C.S. §8841(c) (emphasis added). This notice must be given to each record property owner and "the affected taxing districts." 53 Pa. C.S. §8844(b). Any person aggrieved by the assessment, including a taxing district, may file an appeal to the board within 40 days of the date of the notice. *Id.* Further, any appeal must be filed by the "annual appeal deadline," which is "September 1 or the date designated by the county commissioners[.]" 53 Pa. C.S. §8844(c)(1).

The School District contends that Property Owner "underpaid (by approximately $1,200,000) the rightful amount of school taxes which should have been due" had the Property "been assessed fairly and correctly." School District Brief at 9. The County Assessor's Office assessed the Property at $724,000 for the period from January 27, 2016, to March 1, 2020, at which point in time it increased the assessment to $11,671,430 to include the value of the building. The School District did not appeal the assessment for the tax years of 2016 through 2020 by the September deadline. A commercial building of approximately 254,000 square feet in size is difficult to hide, and it did not appear overnight. The School District asserts that it did not learn of the improvement until February of 2020 but this does not excuse its failure to meet the statutory appeal deadline.

The Local Tax Collection Law prohibits "any tax collector" from "receiv[ing] payment or giv[ing] any receipt for the payment of any taxes that have not been duly assessed." 72 P.S. §5511.15. The Property's assessment of $724,000 was fixed and lawful for the period 2016 to 2020, and it would be unlawful for "any tax collector" to receive any tax payment not assessed in accordance with law. Essentially, the School District asks the chancellor sitting in equity to order an

7

unlawful act, which cannot be done. *Pennsylvania Parent Assistance Authority v. Sloan*, 389 A.2d 1208, 1210 (Pa. Cmwlth. 1978).

The statutory remedies of the Assessment Law likewise preclude the School District's declaratory judgment count. Section 7541 of the Declaratory Judgments Act states that the purpose of that Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa. C.S. §7541(a). Generally, declaratory relief is available even where other procedures are available. 42 Pa. C.S. §7541(b). However, Section 7541(c) states, in relevant part, as follows:

> (c) Exceptions.--Relief shall not be available under this subchapter with respect to any:
>
> * * * *
>
> *(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.*

42 Pa. C.S. §7541(c) (emphasis added).

Where the legislature provides a statutory remedy, that remedy "must be strictly pursued and such remedy is exclusive . . . unless the jurisdiction of the courts is preserved thereby." *Lashe v. Northern York County School District*, 417 A.2d 260, 263-64 (Pa. Cmwlth. 1980). "A non-exclusive or permissive statutory remedy is present where the [l]egislature specifically provides that a person may proceed under the statute or may go to the courts." *Id*. at 263. Otherwise, a statutory remedy is "mandatory and exclusive." *Id*.

The Assessment Law procedures and remedies are mandatory and exclusive. In *Deigendesch v. Bucks County*, 482 A.2d 228, 233 (Pa. 1984), the Supreme Court held that the common pleas court lacked jurisdiction to hear a declaratory judgment action brought to challenge the assessment of rollback taxes,

8

explaining that an appeal to the board of assessment appeals is a mandatory and exclusive remedy. Likewise, here, an appeal to the Delaware County Board of Assessment is the exclusive means by which the School District can challenge any tax assessment in its district. Thus, the School District cannot challenge the Property's tax assessment by way of a declaratory judgment action.

The School District's amended complaint did not state a claim upon which relief can be granted. The School District had a remedy under the Assessment Law to challenge the assessment value for the Property, which precludes declaratory and equitable relief. The trial court did not err in sustaining Property Owner's preliminary objections in the nature of a demurrer and dismissing the School District's amended complaint. Accordingly, we affirm the trial court's November 7, 2022, order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District,
                              Appellant

                 v.

103 Commerce Drive ILP, LLC

:
:
:
:
:
:
:

No. 1272 C.D. 2022

# **O R D E R**

AND NOW, this 23rd day of January, 2024, the order of the Court of Common Pleas of Delaware County, dated November 7, 2022, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita