IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                    Petitioner            :
                                          :
        v.                                :   No. 540 M.D. 2024
                                          :
PA Department of Human                    :   Submitted: September 9, 2025
Services and PA Governor's Office         :
of Administration,                        :
                    Respondents           :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE McCULLOUGH                        FILED: October 7, 2025


Before this Court are the Preliminary Objections (POs) filed by the Pennsylvania Department of Human Services (Department) and the Pennsylvania Governor's Office of Administration (OA) (collectively, Respondents), to a Petition for Review (PFR) in the nature of a complaint titled Petition for a Writ of Prohibition[1]

---

[1] "A writ of prohibition, the purpose of which is to protect a party from enduring a hearing or trial before a tribunal that has absolutely no power to deal with the subject matter before it, is an extraordinary remedy that lies within the court's discretion and will be issued only with extreme caution." *Independence Blue Cross v. Pennsylvania Insurance Department*, 670 A.2d 221, 223 (Pa. Cmwlth. 1996). A writ of prohibition "is available only if the petitioning party has established that it has an extreme necessity for such a remedy and that there exists no other adequate remedy at law." *Id.* "The writ is not appropriate where relief may be sought through ordinary avenues of judicial review." *Chester Community Charter School v. Department of Education*, 996 A.2d 68, 79 (Pa. Cmwlth. 2010). We agree with OA Respondents that it is clear that while Petitioner has

**(Footnote continued on next page…)**

filed *pro se* by Sean M. Donahue (Petitioner) in this Court's original jurisdiction. Upon review, we sustain Respondents' POs and dismiss the Petition.

## I. Factual and Procedural History

The relevant facts and procedural history of this case are as follows. On November 5, 2024, and November 10, 2024, Petitioner applied for advertised positions for an income maintenance (IM) caseworker at the Hazleton County Assistance Office (CAO).[2] (PFR attachment B.1, C.1) On November 12, 2024, Petitioner applied for a similar position at the CAO which required applicants to be bilingual in English and Spanish (bilingual). (PFR at Attachment A.1.) On the same day, he was informed that he had been found ineligible for the bilingual position because he declined to participate in the required Spanish proficiency evaluation. (PFR at Attachment A.2.)

On November 23, 2024, Petitioner filed a PFR with this Court seeking to enjoin the Department and OA from filling any of its currently open positions for IM caseworkers in the CAO through their job announcement "JOB NUMBER CSSC-2024-11621-44720" which seeks bilingual candidates for the positions. The PFR also seeks to enjoin the Department and OA from issuing future job announcements for such positions within the CAO requiring applicants to be bilingual. (PFR, ¶¶ 1, 2.)

In his PFR, Petitioner alleges that:

> As soon as [the Department] and OA saw that the Petitioner applied for the [IM] Caseworker positions at Job Announcement CS-2024-11423-44720 on November 5, 2024 . . . and at Job Announcement CS-2024-11606-44720

styled his pleading as a Petition for a Writ of Prohibition, Petitioner actually seeks the issuance of injunctions against the Commonwealth parties. (OA Respondent's Br. at 2 n.1.)

[2] Petitioner's PFR indicates that when he refers to the Hazleton CAO, he means the Luzerne County Assistance Office in Hazleton.

> on November 10, 2024 . . . they immediately announced the position again on November 12, 2024, at Job Announcement CSSC-2024-11621-44720 . . . but this time as a Spanish language[-]speaking job only.

(PFR, ¶ 4.) Petitioner asserts that the Department and OA are illegally manipulating the Department's hiring process by requiring applicants to speak Spanish in order to qualify to work as caseworkers on English language IM cases and that Respondents have used this illegal non-merit based hiring practice for many years. *Id.*, ¶¶ 5, 6, 23. He contends that the purpose for requiring IM caseworkers to be bilingual has been to illegally exclude white people from being hired at the CAO and that the practice has been used to deny veterans, such as Petitioner, their statutory veterans preference when they apply for state civil service jobs.[3] *Id.*, ¶¶ 8, 9.

On December 19, 2024, and December 24, 2024, the Department and OA, respectively, filed POs to the PFR.[4] Respondents assert in their POs that (1) the PFR fails to satisfy any of the prerequisites for injunctive relief, (2) Petitioner has failed to exhaust his statutorily prescribed administrative remedies, (3) the doctrine of sovereign immunity bars Petitioner's suit, and (4) Petitioner has failed to plead a cognizable claim.[5] (Department's POs, ¶¶ 3-14; ¶¶ 15-20; OA's POs, ¶¶ 9-16; ¶¶ 17-46.)

## II. Discussion

In ruling on POs, this Court must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that [it]

---

[3] Veterans' preference refers to legal preferences granted to veterans with respect to hiring for state civil service jobs by the Veterans' Preference Act, 51 Pa.C.S. §§ 7101.1-7111.

[4] Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of preliminary objections to an original jurisdiction petition for review. *See* Pa.R.A.P. 1516(b).

[5] On April 2, 2025, both the Department and OA filed briefs in support of their POs. On May 12, 2025, Petitioner filed a brief in opposition to Respondents' POs.

may draw from the averments." *Highley v. Department of Transportation*, 195 A.3d 1078, 1082 (Pa. Cmwlth. 2018). However, we are "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the Petition for review." *Id.* This Court should sustain POs only where "the law makes clear that the Petitioner cannot succeed on his claim." *Id.* at 1083. "[W]here any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the [POs]." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation & Natural Resources*, 909 A.2d 413, 416 (Pa. Cmwlth. 2019).

With respect to the requirements for the content of a PFR, "Pennsylvania is a fact-pleading state." *Brimmeier v. Pennsylvania Turnpike Commission*, 147 A.3d 954, 967 (Pa. Cmwlth. 2016). The Pennsylvania Supreme Court has explained that although the Rules of Civil Procedure are to be liberally construed, a petition for review "must nonetheless apprise the [Respondent] of the claim being asserted and summarize the essential supporting facts." *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Company*, 90 A.3d 682, 694 (Pa. 2014). A party's use of boilerplate allegations defeats the primary purpose of pleading under our rules of procedure, and "a failure to adequately plead a claim 'can and typically does result in the dismissal of the claim and/or cause of action.'" *Brimmeier*, 147 A.3d at 967 (quoting *Allen v. State Civil Service Commission*, 992 A.2d 924, 927 (Pa. Cmwlth. 2010)).

Finally, we note that "the allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 551 (Pa. Cmwlth. 2016) (quoting *Danysh v. Department of Corrections*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004)). "If a fair reading of the [PFR] shows that the complainant

has pleaded facts that may entitle him to relief, the preliminary objections will be overruled." *Id.* (emphasis removed.)

*Department's PO #2 - Failure to Exhaust Administrative Remedies*

We first address the Department's second PO because it is dispositive. Respondents assert in their POs that Petitioner is not entitled to seek judicial relief because he has failed to exhaust his available statutory remedies. (Department's POs, ¶¶ 15-20).

"It is well settled that when an adequate administrative remedy exists, the Court lacks jurisdiction to entertain a suit in either law or equity." *McNew v. East Marlborough Township*, 295 A.3d 1, 10 (Pa. Cmwlth. 2023) (quoting *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1129 (Pa. Cmwlth. 2015)). *See also Lashe v. Northern York County School District*, 417 A.2d 260 (Pa. Cmwlth. 1980) (holding that equity has no basis to intervene where there is an available and adequate statutory remedy).

> The doctrine of exhaustion of administrative remedies requires that a person challenging an administrative decision must first exhaust all adequate and available administrative remedies before seeking relief from the courts. The purposes of this exhaustion requirement are to prevent premature judicial intervention in the administrative process and ensure that claims will be addressed by the body with expertise in the area. Thus, where the legislature has provided an administrative procedure to challenge and obtain relief from an agency's action, failure to exhaust that remedy bars this Court from hearing claims for declaratory or injunctive relief with respect to that agency action.

*McNew*, 295 A.3d at 10 (quoting *Propel Charter Schools v. Department of Education*, 243 A.3d 322, 327 (Pa. Cmwlth. 2020)). Thus, where a petitioner in this Court has failed to exhaust available administrative remedies, the exhaustion rule

will bar actions for injunctive relief with respect to agency action. *Keystone ReLeaf LLC v. Department of Health*, 186 A.3d 505, 513-14 (Pa. Cmwlth. 2018) (*en banc*).

> Our Supreme Court has stated that where the General Assembly has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise and board regulatory and remedial powers to administer that statutory scheme, a court should be reluctant to interfere in those matters and disputes which were intended by the Legislature to be considered, as least initially, by the administrative agency. Full utilization of the expertise derived from the development of various administrative bodies would be frustrated by indiscriminate judicial intrusions into matters within the various agencies' domains.

*Propel Charter Schools*, 243 A.3d at 327. Thus, the doctrine "is intended to prevent the premature interruption of the administrative process, which would restrict the agency's opportunity to develop an adequate factual record, limit the agency in the exercise of its expertise, and impede the development of a cohesive body of law in that area." *Keystone ReLeaf LLC*, 186 A.3d at 513 (citing *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 684 A.2d 1047, 1054 (Pa. 1996)).

The rule requiring exhaustion of administrative remedies, however, is not absolute. The Supreme Court "has recognized three exceptions to the doctrine," including "where (i) the jurisdiction of an agency is challenged, (ii) the constitutionality of the statute is challenged[,] or (iii) the remedy at law is inadequate." *Keystone ReLeaf LLC*, 186 A.3d at 514. "The mere existence of a remedy does not dispose of the question of its adequacy; the administrative remedy must be 'adequate and complete.' Where a statutory procedure would be of 'little, if any, utility,' it may be bypassed." *Propel Charter Schools*, 243 A.3d at 327 (citations omitted).

6

"[A]n administrative remedy is inadequate if it either: (1) does not allow for adjudication of the issues raised . . . or (2) allows irreparable harm to occur to the [petitioners] during the pursuit of the statutory remedy." [*Commonwealth ex rel. Nicholas v. Pennsylvania Labor Relations Board*], 681 A.2d [157,] 161 [(Pa. 1996)]. A party claiming this exception must make a "clear showing that the remedy is inadequate." *Commonwealth v. Eisenberg*, 454 A.2d 513, 515 ([Pa.] 1982).

*Keystone ReLeaf LLC*, 186 A.3d at 517.

Respondents assert that Petitioner has an adequate statutory remedy, arguing that the Civil Service Reform Act, 71 Pa.C.S. §§ 2101-3304 (Act), was passed by the General Assembly to create an administrative appeal process, administered through the State Civil Service Commission, to provide a statutory remedy for those wishing to challenge their non-selection for any position within the Merit Service System. The Merit Service System includes IM caseworker positions with the Department. (OA's Br. at 21.) (Department's Br. at 9.) Section 3003(7)(ii) of the Act provides, in pertinent part, that "[a] person who is aggrieved by an alleged violation of section 2704[6] (relating to the prohibition of discrimination) may appeal in writing to the commission within 20 calendar days of the alleged violation."[7] 71 Pa.C.S. § 3003(7)(ii). (OA's Br. at 21.)

---

[6] Section 2704 of the Act states:

An officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, disability or political, partisan or labor union affiliation or other nonmerit factors.

71 Pa.C.S. § 2704.

[7] Once the Commission receives notice of an appeal, it is required to promptly schedule and hold a public hearing. 71 Pa.C.S. § 3003(7)(ii). The Commission then has 90 days to report its findings and conclusions to the parties. 71 Pa.C.S. § 3003(8)(i).

7

Respondents further assert that should the Commission sustain a statutory appeal by Petitioner, the Commission has broad remedial authority, including the ability to place Petitioner's name on the appropriate eligible lists for consideration by the Department.[8]  *Id.*  Finally, Respondents assert that Petitioner has made no allegation or averment that he has exhausted this administrative remedy, but rather, Petitioner immediately sought judicial relief.  *Id.*

In response, Petitioner asserts that he has filed complaints with the Commission regarding the abuse of the Spanish language requirement, which is the subject of this action, but that he has not heard the status of his complaint. (Petitioner's Br. at 35.)  Based on this statement, it is clear that Petitioner has not exhausted his administrative remedy before the Commission.  Petitioner, however, argues that his remedy before the Commission is inadequate because the Commission does not have jurisdiction to grant the injunction he seeks.  (Petitioner's Br., ¶¶ 65, 77.)

We agree that the Act allows Petitioner to file a complaint before the Commission to challenge as discriminatory his failure to be hired by the Department. Because Petitioner does have an available administrative remedy, we next address whether Petitioner's remedy is adequate.  In *Keystone ReLeaf, LLC*, the Petitioner similarly contended that the statutory remedy available to him was not adequate and that therefore he was not required to exhaust it.  In that case, this Court held that "[a]bsent a facial constitutional challenge, there is no aspect of its claims that is not suitable for disposition by the administrative tribunal."  *Id.* at 518.  We also stated that because the claims raised by the petitioner involved matters that were within the

---

[8] Section 71 Pa.C.S. § 3003(8) lists the remedies that the Commission may provide to prevailing parties.

8

administrative tribunal's expertise, petitioner was asking this Court to prejudge issues that were committed for initial resolution to the administrative forum.

Here, as in *Keystone ReLeaf LLC*, the issues raised by Petitioner involving alleged discrimination in civil service hiring fall squarely within the expertise of the State Civil Service Commission.[9] Petitioner has not raised a facial constitutional challenge to the Act, nor has he challenged the Commission's jurisdiction. Because the issues raised by Petitioner involve the Commission's expertise, he has failed to make a clear showing that his remedy is inadequate and his challenge must be brought before the Commission in the first instance before he can resort to judicial review.

Petitioner states that he has filed administrative appeals with the Commission regarding what he views as the "abuse of the Spanish language requirement." (Petitioner's Br. at 50) However, Petitioner did not allow those appeals to conclude before filing his PFR with this Court. At this point, having failed to complete the administrative appeals process, Petitioner's allegations regarding the hiring process at the Luzerne CAO remain speculative and lacking in factual detail. The appropriate way for Petitioner to advance his arguments is to allow his administrative appeals to reach their conclusion. Until this occurs, "there is no basis upon which this Court can conclude that the [administrative] process is wholly inadequate." *Keystone ReLeaf LLC*, 186 A.3d at 519. *See also Canonsburg General Hospital v. Department of Health*, 422 A.2d 141, 145 (Pa. 1980) ("courts should not presume futility in the administrative appeal").

---

[9] We note that the Civil Service Reform Act states that its purpose is "to create and sustain a modern merit system of employment within the Commonwealth workforce that promotes the hiring, retention and promotion of highly qualified individuals, ensuring that government services are efficiently and effectively delivered to the public." 71 Pa.C.S. § 2102.

Since Petitioner has not exhausted his available administrative remedy, there is no reason not to require that Petitioner's previously filed complaint before the Commission proceed to its conclusion.[10]  However, if the administrative review process ultimately fails to provide meaningful administrative review, Petitioner is free to appeal the Commission's decision.  We therefore sustain Respondents' PO relative to Petitioner's failure to exhaust administrative remedies.[11]

### III.  Conclusion

For the foregoing reasons, we sustain Respondents' PO relating to Petitioner's failure to exhaust administrative remedies and dismiss Petitioner's petition for review.

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] We note that Petitioner has not argued in his PFR that the administrative appeal process "allows irreparable harm to occur during the administrative process." *Nicholas*, 681 A.2d at 161.

[11] In light of this determination, we need not address the remaining POs.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                            :
                Petitioner                 :
                                                           :
                v.                         :      No. 540 M.D. 2024
                                                           :
PA Department of Human                      :
Services and PA Governor's Office           :
of Administration,                          :
                Respondents                :

## *__ORDER__*


AND NOW, this 7th day of October, 2025, upon consideration of the Pennsylvania Department of Human Services and the Pennsylvania Governor's Office of Administration's preliminary objections asserting a failure to exhaust available administrative remedies, it is hereby ordered that such preliminary objections are SUSTAINED, and the petition for review filed by Petitioner is hereby DISMISSED.

 

                                             _____

                                            PATRICIA A. McCULLOUGH, Judge